**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**

v.

**WILLIAM HAMILTON, Appellee**

D.C. Crim. No. 39-1971

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed March 8, 1973

RONALD H. TONKIN, ESQ., Attorney General, St. Thomas, V.I., *counsel for appellant*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *counsel for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

By MARIS, *Circuit Judge*

The Government of the Virgin Islands appeals from a judgment entered in the District Court of the Virgin Islands reversing the judgments of the Municipal Court of the Virgin Islands on which the defendant, William Hamilton, was convicted of three charges, namely, brandishing and exhibiting a deadly weapon, aggravated assault and battery, and possessing an unlicensed firearm, and sentenced to terms of imprisonment of one year on each of the first two charges and to 90 days on the third charge. The Government contends on this appeal that the district court, sitting as an appellate court on appeal from the municipal court,[1] erred in holding that the evidence was in-

---

[1] Section 22 of the Revised Organic Act of 1954, 48 U.S.C.A. § 1612, provides that "The district court shall have appellate jurisdiction to review the judgments and orders of the inferior courts of the Virgin Islands to the extent now or hereafter prescribed by local law."

sufficient to support the charges and erred in failing to remand the case to the municipal court for further proceedings to determine whether the defendant was guilty of the lesser offense of simple assault.

In limine, the defendant has moved for dismissal of the appeal for lack of jurisdiction, urging that the Government of the Virgin Islands has no right to appeal from a decision of the district court adverse to it on the defendant's appeal from a criminal judgment in the municipal court.

■ The existence of appellate jurisdiction in a specific federal court over a given type of case is dependent upon authority expressly conferred by statute. Carroll v. United States, 1957, 354 U.S. 394, 399. In the case of this court, its statutory appellate jurisdiction over decisions of the District Court of the Virgin Islands is of "appeals from reviewable decisions" of that court, 28 U.S.C. § 1294. The Virgin Islands Government argues that it is authorized to take this appeal under the provision of section 1291 of title 28, U.S.C., that the court of appeals shall have jurisdiction of "appeals from all final decisions of the . . . District Court of the Virgin Islands." The Government asserts that it has been aggrieved by a decision of that court which is unquestionably "final," and, therefore, is authorized by section 1291 to appeal from that decision to this court.

■ In considering the question which the Virgin Islands Government thus raises, we must keep in mind the well-settled rule that an appeal by the prosecution in a criminal case is not favored and must be based upon express statutory authority. Will v. United States, 1967, 389 U.S. 90, 96; Di Bella v. United States, 1962, 369 U.S. 121, 130; United States v. Burroughs, 1933, 289 U.S. 159, 161; United States v. Sanges, 1892, 144 U.S. 310; United

States v. Janitz, 3 Cir. 1947, 161 F.2d 19, 21; United States v. Pack, 3 Cir. 1957, 247 F.2d 168, 172; United States v. Koenig, 5 Cir. 1961, 290 F.2d 166.

Thus in Will v. United States, 1967, 389 U.S. 90, 96, the Supreme Court said that

". . . 'in the federal jurisprudence, at least, appeals by the Government in criminal cases are something unusual, exceptional, not favored,' Carroll v. United States, 354 U.S. 394, 400, at least in part because they always threaten to offend the policies behind the double-jeopardy prohibition, cf. Fong Foo v. United States, 369 U.S. 141 (1962). Government appeal in the federal courts has thus been limited by Congress to narrow categories of orders terminating the prosecution, see 18 U.S.C. § 3731, and the Criminal Appeals Act is strictly construed against the Government's right of appeal . . . ."

and in Di Bella v. United States, 1962, 369 U.S. 121, 130, the Court stated:

". . . What disadvantage there be springs from the historic policy, over and above the constitutional protection against double jeopardy, that denies the Government the right of appeal in criminal cases save as expressly authorized by statute . . . . No such expression appears in 28 U.S.C. § 1291, and the Government's only right to appeal, given by the Criminal Appeals Act of 1907 . . . now 18 U.S.C. § 3731, is confined to narrowly defined situations not relevant to our problem. Allowance of any further right must be sought from Congress and not this Court . . . ."

In Umbriaco v. United States, 9 Cir. 1958, 258 F.2d 625, 626, the contention that an appeal by the prosecution in a criminal case is authorized by 28 U.S.C. § 1291 was expressly rejected. We are in accord with the views of the court of appeals in that case and hold that Section 1291 of title 28, U.S.C., does not give the Virgin Islands Government authority to appeal in criminal cases.

The Government nonetheless argues that in Southerland v. St. Croix Taxicab Association, 1963, 315 F.2d 364, 367, this court passed on the very question here involved

when we stated that 28 U.S.C. § 1291 was not intended to limit our jurisdiction to appeals from those decisions only of the District Court of the Virgin Islands which it had entered in the exercise of its original jurisdiction but rather to "all final decisions of the court in every type of case" including those entered in appeals from the municipal court. We need only point out, however, that the question here is not whether this court may entertain an appeal from a final decision in which the district court had sat as an appellate court but whether the Government is specifically authorized to appeal in such a case if it is a criminal case. The Southerland case, which was a civil case, is not authority for the Government's proposition here.

It has been expressly held in Illinois that the right of the prosecution to secure the review of a decision of an intermediate appellate court in a criminal case must rest upon statutory authority. People v. Ritchie, 1966, 36 Ill.2d 392, 222 N.E.2d 479. And see 24 C.J.S. Criminal Law § 1665. This ruling by the Illinois Supreme Court confirms our view that the right of the Government of the Virgin Islands to appeal from a final decision of the district court on appeal from the municipal court in a criminal case must likewise have express statutory authority. The Government, however, does not contend that it has any specific authorization to appeal in such a case, its sole reliance being upon 28 U.S.C. § 1291, which, as we have seen, does not provide the statutory authority which the decisions require. Our conclusion in this case is reinforced by the fact that under the local law of the Virgin Islands the defendant alone has the right in a criminal case to appeal to the district court from a judgment of the municipal court. 4 V.I.C. § 33.

This court being without jurisdiction to entertain the present appeal an order dismissing it will be entered.