GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,

v.

CHRISTENSEN, Arthur, Appellee.

No. 80–2525.

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1981.

Decided March 16, 1982.

Ann T. Wallace (argued), U. S. Dept. of Justice, Washington, D. C., Ishmael A. Meyers, U. S. Atty. for the District of the Virgin Islands, Charlotte Amalie, V. I., Martha Ellen Dennis, Asst. U. S. Atty. for the Eastern Dist. of Mich., Detroit, Mich., for appellant.

R. Eric Moore (argued), O'Brien & Moore, Christiansted, V. I., for appellee.

Before HUNTER, VAN DUSEN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

HUNTER, Circuit Judge.

### INTRODUCTION

1. Appellee Arthur Christensen was charged with murder in the second degree, in violation of 14 V.I.C. § 922(b)(1957).[1] Following his trial in the District Court for the District of the Virgin Islands, the jury found appellee guilty of the lesser included offense of voluntary manslaughter (14 V.I.C. § 924(1) (1957)).[2]

### FACTS

2. Between six o'clock and six-thirty on the morning of April 23, 1980, appellee discovered the body of his twenty-three year old common-law wife, Ivelice Grullon de la Cruz ("Grullon"), in the bathtub of her apartment in Frederiksted, St. Croix. Water was running into the bathtub, which was overflowing. An autopsy revealed that death was caused by drowning.

3. In the months preceding the death, the relationship between appellee and Grullon was marked by frequent arguments and fights. The government contends that Grullon's drowning was caused by appellee at the end of one such fight. Appellee asserts that, although he had seen Grullon early on the evening of April 22, he was sleeping at his own apartment at the time of her death.

4. The evidence at trial showed that Grullon had suffered several lacerations and contusions of the head and neck immediately prior to her death. Expert testimony suggested that these injuries were consistent with either an accidental fall, or

---

1. 14 V.I.C. § 921 provides:

 § 921. Murder defined
 Murder is the unlawful killing of a human being with malice aforethought.
 14 V.I.C. § 922 provides:
 § 922. First and second degree murder defined
 (a) All murder which—
 (1) is perpetrated by means of poison, lying in wait, torture or by any other kind of willful, deliberate and premeditated killing; or
 (2) is committed in the perpetration or attempt to perpetrate arson, burglary, kidnap-ping, rape, robbery or mayhem—is murder in the first degree.
 (b) All other kinds of murder are murder in the second degree.

2. 14 V.I.C. § 924 provides in part:
 § 924. Manslaughter defined and classified
 Manslaughter is the unlawful killing of a human being without malice aforethought. It is of two kinds—
 (1) voluntary; upon a sudden quarrel or heat of passion. . . .

intentionally inflicted blows. The remaining evidence consisted primarily of accounts of appellee's relationship with Grullon, testimony regarding appellee's conduct on the evening of April 22, and testimony concerning the evidence found at the scene of the alleged killing.

PROCEDURAL HISTORY

5. After the jury rendered its guilty verdict, appellee filed a motion for a judgment of acquittal under Fed.R.Crim.P. 29(c). No motion for a new trial was made. The district court ruled, during a hearing on the motion for a judgment of acquittal, that much of the oral testimony and physical evidence introduced by the government had not been connected with the appellee, as had been promised by the prosecution. The court ruled that this evidence would not have been admitted had it known that no foundation would be provided. The court also found evidence of prosecutorial and police misconduct before and during appellee's trial. After excluding the evidence that had been improperly exposed to the jury, the court ruled that the remaining evidence was insufficient to support a finding by a reasonable juror that appellee was guilty beyond a reasonable doubt. The court granted appellee's motion, entered a judgment of acquittal, and the Government of the Virgin Islands brought the instant appeal from the district court's order.

ISSUES

6. This appeal raises three issues:

a) Does 18 U.S.C. § 3731 (1976) provide authority for the appeal of an acquittal by the Government of the Virgin Islands?

b) Does this appeal violate the double jeopardy clause within the meaning of § 3731?

c) Did the lower court err in granting appellee's motion for a judgment of acquittal?

7. We have reached the following conclusions:

a) In enacting and enforcing its criminal laws, a territory, unlike a state, acts as an arm of the federal government. Thus, the statute authorizing appeal of an acquittal by the United States also authorizes appeal of an acquittal by the Government of the Virgin Islands.

b) Under the decisional law of the Supreme Court and of this circuit, we have authority under § 3731 to hear government appeals from judgments of acquittal *unless* the double jeopardy clause precludes such an appeal. Because reversal of the judgment of acquittal here would result in reinstatement of the jury's guilty verdict, rather than retrial of the appellee, the double jeopardy clause is not violated and we may hear the appeal.

c) Viewing the evidence in the light most favorable to the government, we agree with the district court's conclusion that the evidence was insufficient to support the jury's verdict. Therefore, the district court did not err in granting appellee's motion for a judgment of acquittal.

8. Accordingly, the judgment of the district court will be affirmed.

DISCUSSION

*Applicability of 18 U.S.C. § 3731 to the Government of the Virgin Islands*

█ 9. It is well settled that express statutory authorization is required for an appeal by the government in a criminal case. *United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980); *United States v. Scott*, 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190–2191, 57 L.Ed.2d 65 (1978). The Government of the Virgin Islands asserts that it has the requisite authority to appeal in this case under 18 U.S.C. § 3731 (1976). Section 3731 provides in part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Appellee, the defendant below, asserts that this statute provides authority for an appeal only "by the United States," and not by the Government of the Virgin Islands.

10. We disagree. In *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), the Supreme Court was confronted by a claim that federal prosecution of a defendant for a given offense violated the double jeopardy clause when it followed an Indian tribe's prosecution of the defendant for the same offense. Because the tribe's prosecutorial authority derived from a different sovereign than that of the federal prosecutor, the Court held, successive prosecution was allowable, as it would be if the first trial were conducted by a state. The Court contrasted the relationship of the United States to an Indian tribe with that of the United States to a territory:

> [A] territorial government is entirely the creation of Congress, "and its judicial tribunals exert all their powers by authority of the United States." [Citations omitted.] When a territorial government enacts and enforces criminal laws to govern its inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government."

435 U.S. at 321, 98 S.Ct. at 1085, *quoting Domenech v. National City Bank*, 294 U.S. 199, 204–05, 55 S.Ct. 366, 368–369, 79 L.Ed. 857 (1935) (footnote omitted). The Court continued:

> Thus, in a federal Territory and the Nation ... "[t]here is but one system of government, or of laws operating within [its] limits." [Citation omitted.] ... Territory and Nation ... are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone.

435 U.S. at 321, 98 S.Ct. at 1085 (footnote omitted).

11. Our recent decision in *Government of the Virgin Islands v. Dowling*, 633 F.2d 660 (3d Cir.), *cert. denied*, 449 U.S. 960, 101 S.Ct. 374, 66 L.Ed.2d 228 (1980), recognized the relationship between the federal government and a territory. There we noted a state's right, as an independent sovereign, to punish a criminal defendant for an offense although the federal government has done so previously. We then stated:

> This is not true, however, in the case of a territory, since the latter does not have independent sovereignty but derives such powers as its government possesses directly from congressional grant ....

633 F.2d at 669.

12. Treating the Government of the Virgin Islands as a prosecutorial arm of the federal government is consistent with the Supreme Court's recent decision in *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). In *Manypenny*, the defendant was prosecuted by the state of Arizona; the case was removed to federal court because the defendant asserted a federal immunity defense. The state sought to appeal the judgment of acquittal entered by the district court, asserting 18 U.S.C. § 3731 as authorization. The Ninth Circuit dismissed the appeal, holding that the statute's authorization of appeals by the United States did not apply to a state. *Arizona v. Manypenny*, 608 F.2d 1197 (9th Cir. 1979). The court of appeals also rejected the suggestion that the general appeals statute, 28 U.S.C. § 1291 (1976), provided authorization for Arizona's appeal. 608 F.2d at 1199 n.3.

13. The Supreme Court reversed. It stated that

> the Court's prior decisions restricting the availability of § 1291 in a criminal context flow from a tradition of requiring that a prosecutorial appeal be affirmatively sanctioned by the same sovereign that sponsors the prosecution.

*Manypenny*, 451 U.S. at 249, 101 S.Ct. at 1668. Thus, the Court held, § 1291 permits a state's appeal in federal court if the appeal is also authorized by state law.[3]

14. Appellee urges us to confine our inquiry to the Virgin Islands Code in seeking authorization for this appeal. This position ignores the import of *Wheeler* and

---

**3.** The Court expressly declined to decide the applicability of § 3731 to the states. 451 U.S. at 250 n.27, 101 S.Ct. at 1668 n.27.

*Dowling*—that the *United States* is the relevant sovereign in this case. Thus, the rule of *Manypenny*—that a state may appeal in federal court when a state statute would permit its appeal in state court—does not apply here. The prosecutorial authority here is a creation of the federal government; it acts on behalf of the United States. Therefore, a statute authorizing appeal by the United States authorizes appeal by the Government of the Virgin Islands.[4]

### Appealability of the Judgment of Acquittal

15. Our conclusion that 18 U.S.C. § 3731 authorizes the Government of the Virgin Islands, as a prosecuting entity, to appeal, does not end our inquiry. We must ask whether § 3731 authorizes an appeal in this case, and not merely by this prosecutor.

■ 16. The legislative history of § 3731 indicates that it was intended to authorize appeal by the government in a criminal case to the extent permissible under the Constitution, specifically, under the double jeopardy clause. *United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977); *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975). In this context, the Supreme Court has recognized the special status of a final judgment of acquittal: it is a judgment to which the law attaches particular significance. *DiFrancesco*, 449 U.S. at 129, 101 S.Ct. at 433. Nevertheless, the Court has held that so long as the double jeopardy clause is not violated, an acquittal may be appealed. *United States v. Scott*, 437 U.S.

82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978); *Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).[5]

■ 17. It is clear that when reversal of a judgment of acquittal would necessitate a second trial, the double jeopardy clause *is* violated:

> An acquittal is accorded special weight. "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal," for the "public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.' [Citation omitted.] If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair."

*DiFrancesco*, 449 U.S. at 129, 101 S.Ct. at 433, *quoting Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978). *See also Scott*, 437 U.S. at 91, 98 S.Ct. at 2194 ("A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.") Thus, a judgment of acquittal on the merits, as was entered here, bars further prosecution:

> The short answer to this question is that there is no exception permitting retrial once the defendant has been acquitted, no matter how "egregiously erroneous" . . . the legal rulings leading to that judgment might be.
>
> . . . .

4. Our holding is not inconsistent with our decision in *Government of the Virgin Islands v. Hamilton*, 475 F.2d 529 (3d Cir. 1973). In *Hamilton*, we held that § 1291 did not provide the express statutory authority needed to permit appeal of an acquittal. Although we did not consider § 3731 as authority for the appeal, references to § 3731 contained in quotations within the *Hamilton* decision indicate that the statute was "confined to narrowly defined situations not relevant to our problem." 475 F.2d

at 531, *quoting DiBella v. United States*, 369 U.S. 121, 130, 82 S.Ct. 654, 659, 7 L.Ed.2d 614 (1962). Section 3731 has since received expanded application. *See, e.g., United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980).

5. The double jeopardy clause applies in the *Virgin Islands. See* 48 U.S.C. § 1561 (1976). *See also Government of the Virgin Islands v. Josiah*, 641 F.2d 1103 (3d Cir. 1981).

The trial court's rulings here led to an erroneous resolution in the defendant's favor on the merits of the charge.... [T]he Double Jeopardy Clause absolutely bars a second trial in such circumstances. The Court of Appeals thus lacked jurisdiction of the Government's appeal.

*Sanabria v. United States,* 437 U.S. 54, 75, 78, 98 S.Ct. 2170, 2184, 2186, 57 L.Ed.2d 43 (1978) (citation omitted). *See also Bullington v. Missouri,* 451 U.S. 430, 437, 101 S.Ct. 1852, 1857, 68 L.Ed.2d 270 (1981) ("It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been *acquitted* of the crime charged."); *DiFrancesco,* 449 U.S. at 129, 101 S.Ct. at 433.

 18. Although the judgment of acquittal acts as a complete bar to subsequent prosecution, it will not always act as a bar to appeal. In *United States v. Schoenhut,* 576 F.2d 1010 (3d Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 421 (1978), we discussed the circumstances under which an appeal of a judgment of acquittal is permitted:

[I]t is the law of this circuit that we have statutory authority [under § 3731] to hear government appeals from judgments of acquittal. Unless the double jeopardy clause prevents this appeal, we have jurisdiction.

The Supreme Court has held that double jeopardy is not implicated in an appeal from a judgment of acquittal entered after a jury verdict of guilty because there is no possibility that the defendant will have to stand trial again for the same offense.... [T]he critical fact is that defendant will not twice be tried and thus will not twice be put in jeopardy for the same offense. If the Government prevails in this appeal, the jury's guilty verdict will be reinstated. Therefore, no double jeopardy problem is presented and we have jurisdiction over the appeal.

576 F.2d at 1018 n.7 (citations omitted). In reaching this conclusion, we relied on Supreme Court cases which recognized a narrow exception to the general prohibition of appeals of acquittals. In *Wilson,* the Court held: "[W]hen a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." 420 U.S. at 352–53, 95 S.Ct. at 1026–27. This concept was reiterated by the Court in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977):

Thus a postverdict dismissal of an indictment after a jury rendered a guilty verdict has been held to be appealable by the United States because restoration of the guilty verdict, and not a new trial, would necessarily result if the Government prevailed.

*Id.* at 570, 97 S.Ct. at 1354. The Court again noted this exception in *DiFrancesco*:

[T]he Double Jeopardy Clause does not bar a Government appeal from a ruling in favor of the defendant after a guilty verdict has been entered by the trier of fact.

449 U.S. at 130, 101 S.Ct. at 434. We recently relied on this line of cases in *Government of the Virgin Islands v. Josiah,* 641 F.2d 1103 (3d Cir. 1981). In *Josiah* we stated that

the double jeopardy clause is not offended when the government appeals a postverdict judgment of acquittal if reversal on appeal would merely reinstate the jury verdict.... This is so because the defendant "will not twice be tried and thus will not twice be put in jeopardy for the same offense."

641 F.2d at 1108, *quoting Schoenhut,* 576 F.2d at 1018 n.7.[6] Therefore, a judgment of acquittal which follows a jury's guilty verdict may be reversed without requiring retrial, and, hence, without violating the dou-

**6.** In *United States v. Dixon,* 658 F.2d 181 (3d Cir. 1981), we again allowed the appeal of a post-guilty verdict judgment of acquittal. *Dixon* presented a procedural history which was virtually identical to that in the instant case, except that the defendant in *Dixon* moved for a new trial in addition to a judgment of acquittal. In *Dixon,* we examined the sufficiency of the evidence using the same standard we employ here. 658 F.2d at 188.

ble jeopardy clause.[7] Reinstatement of a guilty verdict, unlike retrial, does not place the criminal defendant twice in jeopardy; thus, the judgment of acquittal in this case is appealable.

*Sufficiency of the Evidence*

19. In reviewing the district court's post-verdict judgment of acquittal, we must determine whether the evidence, when viewed in a light most favorable to the government, supports the jury's verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Dixon,* 658 F.2d 181, 188 (3d Cir. 1981). During the post-verdict hearing on the motion for a judgment of acquittal, the court criticized the government for offering evidence with the promise of later providing a foundation, when no proper foundation was forthcoming. Appendix at 219–248.[8] The court also criticized the government for apparent misconduct in the preparation of evidence by the police and the prosecution. A government witness, Detective Petersen, had testified that a photograph displaying damaging physical evidence had been taken on the day of the alleged killing. Detective Petersen maintained this position under vigorous cross-examination. After the jury's guilty verdict was rendered, the prosecution submitted a letter to the court in which Petersen admitted that his testimony had been a "mistake:"

THE COURT: ... It is one thing to say, "On the very day of that alleged killing, I found this. I am not mistaken. I know positively for these reasons here in evidence, that I found it. This is the only time I have ever been there. I went

there the day of the incident." And then a couple days after the trial, I receive a letter and it says, "Judge, I made a mistake. It wasn't that day. We were there six days later." It bothers me. I really don't understand it.

Appendix at 234–35. Indeed, the court felt the "mistake" had been deliberate. Appendix at 233. In concluding the hearing, the court summarized:

THE COURT: ... It is a combination of things. You introduce something to show it is blood when you know from your expert it is not human blood. You introduce testimony of the little boy saying no, daddy, no when you know that the little boy didn't say it. You introduce testimony of a neighbor to say she had seen Mr. Christensen coming out of the house at a time in the night after he said he had left, when you knew that the lady didn't see that, and in the end, in front of the jury she had to confess that she had told a lie. You know we can't just deprive people of their liberty on that kind of a prosecution.

Appendix at 248.

20. Against this background, the lower court was convinced that appellee should receive a new trial. Appendix at 246. Moreover, the government conceded that appellee deserved a new trial:

[THE GOVERNMENT]: Well, Your Honor, the Government would have no objection to the granting of the new trial, but I think at this stage it would be improper for the court to grant a judgment of acquittal.

. . . .

7. In contrast, a *pre-verdict* judgment of acquittal on the merits absolutely bars appeal, since reversal would require a constitutionally impermissible retrial. *Scott,* 437 U.S. at 97, 98 S.Ct. at 2197.

8. For example, the government introduced oral testimony from a witness who saw defendant wearing a wristwatch on the evening of the alleged killing. Subsequently, the government introduced into evidence a wristwatch found in the decedent's apartment. Yet this wristwatch, which was shown to the jury as proof that

defendant had left it in the apartment on that evening, did not resemble that described by the witness. In the post-verdict hearing, the court confronted the government with this discrepancy:

THE COURT: The watch found in the apartment is not the watch the lady said she saw on his hand, so what is the significance? Why bring it into this case?
[THE GOVERNMENT]: Your Honor, I have no explanation for that, sir.
Appendix at 237.

... I think that the most the court should do at this particular juncture is based upon [Detective] Petersen's admission now that he was mistaken, at least grant a new trial but not to overturn the verdict.

Appendix at 240–41.[9]

21. The district court concluded, and the government conceded, that this verdict rested on evidence improperly admitted, and that appellee was "at least" entitled to a new trial. The court ultimately decided to enter the judgment of acquittal because it concluded that, putting aside the improper evidence, the government had not presented evidence sufficient to support a verdict of guilt beyond a reasonable doubt. Appendix at 246–47. We believe the record supports this conclusion.

22. Therefore, the judgment of the district court will be affirmed.

SLOVITER, Circuit Judge, writing separately.

Unlike my colleagues, I would dismiss the appeal without reaching the constitutional issue of double jeopardy or the application of 18 U.S.C. § 3731 to an appeal of an acquittal by the Government of the Virgin Islands.

In *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981), the Supreme Court held that in a criminal proceeding removed to federal court, a State may appeal under 28 U.S.C. § 1291 from an adverse judgment if statutory authority to seek such review is conferred by State law. *Id.* at 250, 101 S.Ct. at 1668. The Court held that while "the federal sovereign may not subject one of its citizens to continued federal prosecution in its own courts where it has not been expressly permitted to do so under federal law," there is no justification for requiring such express authorization by Congress when the sovereign seeking to appeal is a State rather than the federal government. *Id.* at 247–48, 101 S.Ct. at 1667.

Thus, the Court has distinguished between appeals in criminal cases by the states under 28 U.S.C. § 1291 and by the federal government under 18 U.S.C. § 3731. In its analysis the Court explained that the responsibility for expansion of criminal prosecutions must lie with the democratically elected legislature. *Id.* at 247, 101 S.Ct. at 1667. The Court stated:

In sum, the Court's prior decisions restricting the availability of § 1291 in a criminal context flow from a tradition of requiring that a prosecutorial appeal be affirmatively sanctioned by the same sovereign that sponsors the prosecution. The intention to restrict sovereign power in this area is adequately addressed when the legislature responsible for that power has spoken in express terms, or when a legislative enactment has been authoritatively construed by the sovereign's highest court.

*Id.* at 249, 101 S.Ct. at 1668.

By analogy, the democratically elected legislature of the Virgin Islands has expressly dealt with the authority of its government to appeal in criminal actions in 4 V.I.C. § 39(c).[1] That statute provides:

The United States or the Government of the Virgin Islands may appeal an order dismissing an information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or

---

**9.** It is not surprising that, on appeal, the government has abandoned its position favoring a new trial. Under the case law discussed, reinstatement of the guilty verdict is the only constitutional remedy the government could seek after the judgment of acquittal was entered.

**1.** This statute, which was Act No. 3320, 1972 V.I. Sess. Laws 464, was approved October 25, 1972. It thus was not considered by this court when it decided *Government of the Virgin Islands v. Hamilton*, 475 F.2d 529 (3d Cir. 1973), holding that we had no jurisdiction under § 1291 to hear an appeal by the Government of the Virgin Islands in a criminal case. Since the district court opinion in the *Hamilton* case, 334 F.Supp. 1382 (D.V.I.), was filed December 15, 1971, the appeal must have been taken before the effective date of Act No. 3320.

more counts thereof, except where there is an acquittal on the merits.[2]

Therefore, under the rationale used in the *Manypenny case*, I see no justification for looking any further than the Virgin Islands statute itself to determine whether the Government of the Virgin Islands in whose name this appeal is taken has authority to do so. The answer to that question will depend on whether there was "an acquittal on the merits" in the district court.

The appellant has suggested that the phrase "acquittal on the merits" as it appears in 4 V.I.C. § 39(c) should be construed to bar only appeals from judgments of acquittal that offend the double jeopardy clause. Reply Brief for the Government of the Virgin Islands at 9. It asks us to construe the language of 4 V.I.C. § 39(c) as if it were the same as that in 18 U.S.C. § 3731 which precludes appeals in a criminal case by the United States only when "the double jeopardy clause of the United States Constitution prohibits further prosecution." Such an interpretation would ignore the substantial language variance between the two statutes. In fact, the legislative history of 18 U.S.C. § 3731 shows that Congress changed the language of the bill which originally provided "except that no appeal [would] lie from a judgment of acquittal" to its present language. As the Supreme Court noted, Congress removed the phrase that would have barred appeal of an acquittal because it wanted to authorize appeals whenever constitutionally permissible, and recognized that the proposed statutory language might have been narrower. *See United States v. Wilson*, 420 U.S. 332, 338–39, 95 S.Ct. 1013, 1019–20, 43 L.Ed.2d 232 (1975).

The title of Act No. 3320, the Virgin Islands statute codified at 4 V.I.C. § 39(c), indicates that it was intended to provide only a limited right of appeal to the Government of the Virgin Islands. Its language, "To Provide a *Limited* Right of Appeal to the United States and the Government of the Virgin Islands on Certain Preliminary Determinations in Criminal Cases", (emphasis added) suggests a purpose to permit appeals more limited than that permitted by the double jeopardy clause. This construction is also consistent with the well-settled rule that an appeal by the prosecution in a criminal case is not favored, and must be based on express statutory authority. *Will v. United States*, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967); *Government of the Virgin Islands v. Hamilton*, 475 F.2d 529, 530 (3d Cir. 1973). The Virgin Islands Legislature which enacted the statute in question had before it the example of the language in § 3731 had it chosen to give a similar right to appeal to its prosecutor, and could so amend if it chooses to do so.

Turning then to the question of whether the decision of the district court was an acquittal on the merits, I believe the record supports defendant's position that the district court did enter such an acquittal. Although the district court combined its ruling with a ruling on the propriety of the evidence and the government's conduct, the district court said:

> I don't want to be substituting my judgment for the jury's judgment, and that is what I am forbidden to do, but I have grave doubts in my mind that on that evidence reasonable persons could find beyond a reasonable doubt that this woman died by a homicidal act, on the evidence.

Appendix at 243–44. The court continued:

> I think from the evidence it is not permissible for any reasonable person to find that beyond a reasonable doubt this woman died from foul play rather than by an accident.

Appendix at 244.

Since the acquittal was ordered, *inter alia*, for insufficient evidence, it was an acquittal on the merits. Therefore, I believe that under 4 V.I.C. § 39(c) the Government of the Virgin Islands is precluded from taking this appeal.

**2.** The inclusion of authority for the United States to appeal undoubtedly was intended to encompass its actions when prosecuting offenses in the name of the Government of the Virgin Islands. *See* Revised Organic Act of 1954, § 27, 48 U.S.C. § 1617.