## PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellant,

v.

## Concepcion OKADA, Defendant-Appellee.

### No. 80–1233.

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1983.

Before SKOPIL, FLETCHER and PREGERSON, Circuit Judges.

### ORDER

The petition for rehearing is hereby denied.

The panel opinion of December 9, 1982, 694 F.2d 565, is amended to add to the end of existing footnote 3 the following:

*But see Virgin Islands v. Christensen,* 673 F.2d 713, 716–17 (3d Cir.1982) (holding that amended section 3731 authorizes appeals in federal court by a territorial government). The court's reasoning in *Christensen* is (1) that section 3731 authorizes appeals by the United States in all criminal cases unless double jeopardy is implicated, *United States v. Wilson,* 420 U.S. [332] at 337, 95 S.Ct. [1013] at 1018–1019 [43 L.Ed.2d 232] and, (2) that a territorial government is within the intendment of "United States" in section 3731 because double jeopardy precludes successive prosecutions by a territorial government and the United States. *See United States v. Wheeler,* 435 U.S. 313, 321, 98 S.Ct. 1079, 1085, 55 L.Ed.2d 303 (1978). The latter proposition, however, is not compelled by *Wilson* and *Wheeler.* The questions of what is constitutionally permitted and what is statutorily authorized, are, of course, distinct issues. The successive prosecution issue discussed in *Wheeler* involves the constitutional bar of double jeopardy. The question of the authority of territorial governments to appeal is one of statutory interpretation of section 3731. We find nothing in the language of section 3731 or its legislative history to indicate an intent to authorize an appeal in a criminal case by territorial government. 18 U.S.C. § 3731 (1976); Conf.Rep. No. 91–1768, 91st Cong., 2d Sess. reprinted in 1970 U.S.Code Cong. & Ad.News 5804, 5842, 5848 (discussing amendments to section 3731). In fact, we find evidence of an opposite intent. Section 3731, in part, authorizes "[a]n appeal by the *United States . . . if the United States Attorney certifies . . .* that the appeal is not taken for purposes of delay . . . ." 18 U.S.C. § 3731 (emphasis added). If Congress had intended to include territorial prosecutors within the authority of section 3731, it is unlikely that Congress would have made reference only to the United States Attorney.

The *Christensen* court declined to overrule *Virgin Islands v. Hamilton,* 475 F.2d 529 (3d Cir.1973), indicating an unwillingness to find power in the legislature of the Virgin Islands to authorize an appeal. Its resort to section 3731 for such authority we find unwarranted. We agree with Judge Sloviter's concurrence in *Christensen* that the majority places undue emphasis on the Supreme Court's use of the word "sovereign" in *Manypenny. See*

673 F.2d at 716 (quoting [*Arizona v.*] *Manypenny,* 451 U.S. [232] at 249, 101 S.Ct. [1657] at 1668 [68 L.Ed.2d 58]). As Judge Sloviter notes, the real focus of the inquiry under *Manypenny* is on whether "the legislature responsible for [the exercise of the prosecutorial] power has spoken in express terms," not on fine distinctions of sovereignty. *See* 673 F.2d at 720 (Sloviter, J., concurring) (quoting *Manypenny,* 451 U.S. at 249, 101 S.Ct. at 1668). In both this case and *Christensen,* the legislature immediately responsible for the exercise of prosecutorial authority is that of the territory. Without authorization from Congress, the legislature of the territory is powerless to authorize an appeal by the Government of Guam to our court. *See* discussion under II B herein.

The full court has been advised of the suggestion for a rehearing en banc and the majority of judges has voted to reject the suggestion for rehearing en banc. Fed.R. App.P. 35(b).

The suggestion for a rehearing en banc is REJECTED.