981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janine Yvette RAMBO and Coretha Denise Shipes, Defendants-Appellants.
 Nos. 92-50034, 92-50035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 16, 1992.
 
 Before FERGUSON, CANBY and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Janine Yvette Rambo and Coretha Denise Shipes appeal their sentences, following guilty pleas, for convictions of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Rambo and Shipes contend that the decision to prosecute them in federal court was vindictively motivated in violation of their due process rights and that therefore they should be sentenced according to state law. Rambo additionally argues that the district court erred in increasing her offense level under U.S.S.G. § 3B1.1 based on her role as an organizer, leader, manager, or supervisor in the offense.
 
 I.
 
 3
 Rambo and Shipes argue that the decision to prosecute them in federal court was taken in retaliation for their exercise of their rights not to incriminate themselves and their refusal to cooperate with state law enforcement officers. Although Rambo and Shipes argued below that their sentencing under federal law violated due process, they may not have sufficiently raised the vindictive prosecution claim argued on appeal.[1] Even if the claim was not raised properly below, we may review if injustice would otherwise result or if the resolution of the issue is purely a matter of law and the factual record is fully developed. People of the Territory of Guam v. Okada, 694 F.2d 565, 570 n. 8 (9th Cir.1982), amended, 715 F.2d 1347 (1983), cert. denied, 469 U.S. 1021 (1984). In any event, the vindictive prosecution claim fails because we find that there was no due process violation.
 
 
 4
 Rambo and Shipes were originally charged in state court with violations of California laws against the sale of controlled substances and conspiracy. Their cases then were referred to federal court, where Rambo and Shipes were charged with violating 21 U.S.C. § 841(a)(1), an offense that carries a mandatory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A). Rambo and Shipes pleaded guilty to the federal charges and were sentenced to 188 months and 120 months respectively.
 
 
 5
 In order to succeed with their vindictive prosecution claims, Rambo and Shipes have to show either that the circumstances surrounding the prosecutorial decision created the appearance of vindictiveness, Adamson v. Ricketts, 865 F.2d 1011, 1017 (9th Cir.1988), cert. denied, 110 S.Ct. 3287 (1990), or that there was actually a vindictive motive in referring them for federal prosecution. See United States v. Martinez, 785 F.2d 663, 668-69 (9th Cir.1986).
 
 
 6
 Rambo and Shipes argued below that the decision to prosecute them in federal court violated due process because it was motivated by the harsher sentences available under federal law. We have recently held, however, that "there are no grounds for finding a due process violation, even when the motive for federal prosecution is that harsher sentences are possible." United States v. Nance, No. 91-30193 1992 U.S.App. LEXIS 10884, at (9th Cir. May 18, 1992) (per curiam). Rambo and Shipes concede that Nance is dispositive if all that is involved is the government's decision to seek harsher sentences. Aside from a motive to seek harsher sentences, however, there is nothing in the record to indicate a due process violation.
 
 
 7
 This is not the type of case in which we apply a presumption of vindictiveness. See Martinez, 785 F.2d at 668-69. The presumption is applied only when it reflects the "very real likelihood of actual vindictiveness." Id. at 668 (citation omitted). In Martinez, we noted that vindictiveness is "far more likely to occur when changes in sentencing or punishment appear after the initial prosecution than in a pretrial setting." Id. at 669. Furthermore, cases in which we apply the presumption generally involve a second, and harsher, prosecution by the same sovereign. See Adamson, 865 F.2d at 1018; see also United States v. Robison, 644 F.2d 1270, 1273 (9th Cir.1981) (holding that the involvement of separate sovereigns tends to negate a vindictive prosecution claim).
 
 
 8
 While the filing of an indictment for the first time can support a charge of vindictive prosecution, United States v. Hooten, 662 F.2d 628, 634 (9th Cir.1981), cert. denied, 455 U.S. 1004 (1982), Rambo and Shipes have presented no evidence from which we can infer actual vindictiveness by the United States Attorney's office. We do not presume that the frustration expressed by state law enforcement officers motivated an otherwise legitimate federal prosecution. See id. Therefore, we conclude that Rambo and Shipes' claim of vindictive prosecution fails.
 
 II.
 
 9
 Rambo contends that the government failed to prove by a preponderance of the evidence that she was an organizer, leader, or manager of the criminal activity, and that the district court therefore erred in granting a two point upward adjustment in her base offense level pursuant to U.S.S.G. § 3B1.1. See United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990) (holding that district courts are required to make factual determinations under the Guidelines by at least a preponderance of the evidence). We review for clear error whether the district court made the appropriate factual finding. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 10
 Among the factors the district court should consider in determining whether the defendant is an organizer, leader, manager, or supervisor are the degree of participation in planning or organizing the offense, and the degree of control or authority over others. U.S.S.G. § 3B1.1, comment. (n. 1). The facts, as presented in Rambo's presentence report and argued before the district court, indicate that Rambo arranged for the sale of cocaine to a confidential informant and directed Shipes to carry out the delivery. Rambo's exercise of decisionmaking authority and her direction of Shipes' participation in the offense satisfy us that the district court's finding was not clearly erroneous. See United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991) cert. denied, 112 S.Ct. 1585 (1992) ("Where ... a defendant exercises decisionmaking authority and an organizational role, an upward adjustment under § 3B1.1 is appropriate.").
 
 CONCLUSION
 
 11
 We find that Rambo and Shipes' rights to due process were not violated by the decision to prosecute and sentence them under federal law, and that Rambo's two point upward adjustment for her role in the offense was not clearly erroneous. Therefore we AFFIRM the decision of the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rambo and Shipes argued below that the decision to prosecute them in federal court violated due process because it was motivated by harsher federal sentences. However, they did not raise a vindictive prosecution claim based on retaliation for their exercise of constitutional rights