**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Thomas Eugene MARTIN,**
**Defendant-Appellee.**

No. 79–1053.

United States Court of Appeals,
Ninth Circuit.

Oct. 17, 1979.

Malcolm Stuart Segal, Chief Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellant.

James V. de la Vergne, Sacramento, Cal., for defendant-appellee.

Before PECK,* CARTER and TANG, Circuit Judges.

JAMES M. CARTER, Senior Circuit Judge.

Martin was indicted for a violation of 18 U.S.Code, § 1010, entered a guilty plea, and

* Honorable John W. Peck, Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

on January 11, 1977 was sentenced to two years imprisonment, all but 45 days of which were suspended in favor of three years probation, and fined $3,000. The 45 days were to be served on "weekends."

On July 7, 1978, after serving the 45 days and when Martin was still serving his probationary sentence, he filed a motion based on Rule 32(d), F.R.Crim.P., to withdraw his guilty plea.

The court held an evidentiary hearing and granted the motion on the ground that Martin's attorney had given him erroneous advice at the time the guilty plea was accepted by the court and that "manifest injustice" required the court's action. The government appeals.

The case still pends against Martin. No new plea has been entered and the case remains to be retried or dismissed.

There is little law on the appealability of a motion granted under Rule 32(d), F.R. Crim.P. The ruling is generally treated as an interlocutory step in criminal proceedings and not appealable by the United States under 18 U.S.Code, § 3731 (1976), the section which governs appeals by the United States in criminal cases. *See United States v. Shapiro,* 222 F.2d 836 (7 Cir. 1955); *United States v. Lias,* 173 F.2d 685 (4 Cir. 1949).

The government contends the motion should be treated as a motion in a civil proceeding under 28 U.S.Code, § 2255. Suffice it to say that Martin did not so label his motion nor did the trial court treat it as a motion under 28 U.S.Code, § 2255.

There has been no order which *terminates* the current proceeding against Martin.

Accordingly, the order is not appealable and the appeal is DISMISSED.