**PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellant,**

v.

**Concepcion OKADA, Defendant-Appellee.**

No. 80–1233.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 1980.

Opinion Originally Filed April 19, 1981.

Withdrawn July 15, 1981.

Decided Dec. 9, 1982.

R. Barrie Michelson, Acting Criminal Deputy, Agana, Guam, for plaintiff-appellant.

Howard Trapp, Trapp, Cayle, Teker, Lacy, Yamaoka & Schnabel, Agana, Guam, for defendant-appellee.

Before SKOPIL, FLETCHER and PREGERSON, Circuit Judges.

FLETCHER, Circuit Judge:

Concepcion Okada was convicted in the Superior Court of Guam on charges of delivering heroin. The Appellate Division of the District Court of Guam (District Court) reversed the conviction and dismissed the indictment, holding that the Government's failure to preserve certain discoverable evidence violated Okada's due process rights. The People of the Territory of Guam brought this appeal. Okada moved to dismiss, on the ground that Guam lacks statutory authority to appeal from the reversal of a conviction by the Appellate Division of the District Court of Guam. We postponed consideration of Okada's motion until the appeal was heard on the merits.

Our previous opinion, filed April 19, 1981, has been vacated. We now conclude that Guam's appeal is not authorized by statute. Accordingly, we grant Okada's motion and dismiss the appeal.

I

It has long been established that the Government may not appeal in a criminal case in the absence of express statutory authority. *United States v. Wilson,* 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *Carroll v. United States,* 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957); *United States v. Sanges,* 144 U.S. 310, 318, 12 S.Ct. 609, 612, 36 L.Ed. 445 (1892). The Supreme Court has explained that " 'appeals by the Government in criminal cases are something unusual, exceptional, not favored,' . . . at least in part because they always threaten to offend the policies behind the double jeopardy prohibition." *Will v. United States,* 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967) (quoting *Carroll,* 354 U.S. at 400, 77 S.Ct. at 1336). But the rule prohibiting Government appeals except where expressly authorized by statute extends "over and above the constitutional protection against double jeopardy." *DiBella v. United States,* 369 U.S. 121, 130, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962). Although Guam's appeal would not violate the double jeopardy clause,[1] we must nevertheless dismiss unless Guam can show that its appeal is expressly authorized by statute.

---

1. "[I]t is well settled that an appellate court's order reversing a conviction is subject to further review even when the appellate court has ordered the indictment dismissed and the defendant discharged," since "reversal on appeal would merely reinstate the jury's guilty verdict. *United States v. Wilson,* 420 U.S. at 344–45, 95 S.Ct. at 1022.

■ Pursuant to 28 U.S.C. § 1291 (1976), this court has jurisdiction over "all final decisions of . . . the District Court of Guam . . . except where a direct review may be had in the Supreme Court." However, section 1291 alone does not provide the necessary authority for Government appeals in criminal cases. *Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S.Ct. 1657, 1666, 68 L.Ed.2d 58 (1981); *DiBella*, 369 U.S. at 130, 82 S.Ct. at 659–60; *Umbriaco v. United States*, 258 F.2d 625, 626 (9th Cir.1958); *Virgin Islands v. Hamilton*, 475 F.2d 529, 531 (3d Cir.1973).

*Hamilton* provides a close parallel to the present case. The District Court of the Virgin Islands had reversed a criminal conviction, and the Government of the Virgin Islands brought an appeal in the Third Circuit. The Third Circuit rejected the suggestion that section 1291, standing alone, authorized the Virgin Islands' appeal. Finding no other statutory authorization for the appeal, the court dismissed for lack of jurisdiction. After reaching this result, the court noted that its conclusion was

> reinforced by the fact that under the local law of the Virgin Islands the defendant alone has the right in a criminal case to appeal to the district court from a judgment of the municipal court. 4 V.I.C. § 33.

475 F.2d at 531. Guam contends that this case is distinguishable from *Hamilton* because Guam, unlike the Virgin Islands, has authorized the Government to appeal from some superior court judgments in criminal

cases. *See* Guam Crim.Proc.Code § 130.-20(a) (1977).[2] In Guam's view, section 130.-20(a) provides authority for appeals to this court, as well as for appeals to the district court.

■ In *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981), the Supreme Court discussed the statutory authority necessary for a Government appeal in a criminal case. The defendant in *Manypenny* was a federal officer charged with a state crime, who had removed his case to federal court pursuant to 28 U.S.C. § 1442(a)(1) (1976). The officer was convicted, but the trial court entered a judgment of acquittal. Although state law would have permitted an appeal by the state within its own court system, no statute expressly authorized the state to appeal from federal district court to the federal court of appeals.[3]

■ The Supreme Court held that the statute authorizing an appeal within the state court system provided sufficient authority for the state's appeal in federal court. The Court reasoned that "[t]he need to restrict appeals by the prosecutor reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign." 451 U.S. at 246, 101 S.Ct. at 1666. The rule barring Government appeals except when authorized by statute was developed to meet this concern. However, the *Manypenny* Court saw no reason to require express authorization by *federal*

2. Guam Crim.Proc.Code § 130.20(a) (1977) provides that:
> An appeal may be taken by the government from any of the following:
> (1) An order granting a new trial.
> (2) An order arresting judgment.
> (3) An order made after judgment, affecting the substantial rights of the government.
> (4) An order modifying the verdict on finding [*sic*] by reducing the degree of the offense or the punishment imposed.
> (5) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

3. The Criminal Appeals Act, 18 U.S.C. § 3731 (1976), authorizes criminal appeals "by the

United States" whenever such appeals are not barred by the double jeopardy clause. *See United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1018–19, 43 L.Ed.2d 232 (1975). This court held in *Arizona v. Manypenny*, 608 F.2d 1197, 1199 (9th Cir.1979), that section 3731 was "limited by its own terms to appeals by the United States as a prosecuting entity." The Supreme Court declined to decide whether section 3731 authorizes federal appeals by prosecuting entities other than the United States. *Manypenny*, 451 U.S. at 243 n. 18, 101 S.Ct. at 1665. In the absence of Supreme Court instructions to the contrary, we adhere to our former view and hold that section 3731 does not authorize appeals by prosecuting entities such as states and territorial governments.

statute in every case. 451 U.S. at 247, 101 S.Ct. at 1667. Instead, the Court ruled that "[t]he intention to restrict sovereign power in this area is adequately addressed when the legislature responsible for the power has spoken in express terms." *Id.* at 249, 101 S.Ct. at 1668. In other words, if a state statute authorizes an appeal by the state in state court, that statute will provide authority for an appeal of a removal case in federal court as well.

## II

The state statute involved in *Manypenny* authorized an appeal from a trial court to an appellate court. It is undisputed that Guam law authorizes an appeal from the Guam trial courts to an intermediate appellate court, the Appellate Division of the District Court of Guam. *See* Guam Crim. Proc.Code § 130.20(a) (1977). The present case raises a different issue, however. The question we must answer is whether any law authorizes a second appeal, from the District Court to this court.

Guam takes the position that section 130.-20(a) authorizes appeals by Guam from decisions of the District Court. Before we can consider whether the Guam legislature intended section 130.20(a) to authorize appeals from the District Court, we must inquire whether the Guam legislature has the power to authorize such appeals at all.

### A

Article IV, section 3 of the Constitution gives Congress plenary power over territories of the United States. *Late Corpo-*

ration of Latter-Day Saints v. United States, 136 U.S. 1, 32, 10 S.Ct. 792, 802, 34 L.Ed. 478 (1890). Guam, as an unincorporated territory, 48 U.S.C. § 1421a (1976), is subject to this plenary power. *Agana Bay Development Co. (Hong Kong) v. Supreme Court of Guam,* 529 F.2d 952, 954 (9th Cir. 1976). Congress has the power to legislate directly for Guam, or to establish a government for Guam subject to congressional control. Except as Congress may determine, Guam has no inherent right to govern itself. *See First National Bank of Brunswick v. County of Yankton,* 101 U.S. 129, 133, 25 L.Ed. 1046 (1880).

Guam's present form of government was established by Congress in 1950. Organic Act of Guam, ch. 512, 64 Stat. 384 (codified at 48 U.S.C. §§ 1421–1426 (1976)). The Organic Act created a Guam Legislature, and vested it with power "extend[ing] to all subjects of legislation of local application not inconsistent with the provisions of [the Organic Act] and the laws of the United States applicable to Guam." 48 U.S.C. § 1423a. The provisions of the Organic Act thus set the outer limits of the Guam Legislature's authority. *Agana Bay Development Co.,* 529 F.2d at 954; *United States v. Borja,* 191 F.Supp. 563, 566 (D.Guam 1961).

With respect to the Guam court system, the Organic Act carefully distinguishes between those areas in which Guam is empowered to legislate, and those areas reserved to Congress. 48 U.S.C. § 1424.[4] The Act creates a District Court of Guam and authorizes the Guam legislature to create other

---

4. 48 U.S.C. § 1424 provides in relevant part:

 (a) There is created a court of record to be designated the "District Court of Guam", and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as many have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts

established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

 . . . .

 (b) The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of Title 28, in civil cases; section 2073 of Title 28, in admiralty cases; sections 3771 and 3772 of Title 18, in criminal cases; and section 2075 of Title 28 in cases under Title 11; shall apply to the District Court of Guam and to appeals therefrom . . . .

courts. The District Court is vested with original jurisdiction over federal questions and any local matters "jurisdiction over which has not been transferred by the legislature to other court or courts established by it." *Id.* § 1424(a). The District Court is also given "such appellate jurisdiction as the legislature may determine." *Id.* The legislature is authorized to prescribe "[t]he jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam," *id.,* but the federal rules of procedure are made applicable "to the District Court of Guam and to appeals therefrom," *id.* § 1424(b).

### B

▪ Under the terms of the Organic Act, the Guam Legislature has no power to legislate procedure either in the District Court of Guam or on appeal from the District Court to the Ninth Circuit. *See Phelan v. Territory of Guam,* 394 F.2d 293, 296 (9th Cir.1968). If the authority to appeal in criminal cases is a matter of procedure, we must conclude that the Guam Legislature lacks power to authorize appeals from judgments of the District Court.

Judicial "procedure" has been defined as "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941); *accord, Hanna v. Plumer,* 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965). In a criminal case such as this one, substantive law defines those acts which are considered crimes and establishes the punishment to be imposed upon violators. In contrast, the manner by which the Government prosecutes violators and enforces punishment involves procedure.

A restriction on appeals by the Government does not affect the rules by which courts decide whether the defendant has committed a crime. It simply limits the Government's ability to continue its prosecution, once a lower court has ruled in the defendant's favor. We conclude that the authority to take an appeal is procedural rather than substantive.[5] *See Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 446, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946).

Since Guam is barred from regulating "procedure in ... the District Court of Guam," 48 U.S.C. § 1424(a), we hold that the Guam Legislature has no power to authorize Government appeals from judgments of the District Court of Guam. Section 130.20(a) of the Guam Criminal Procedure Code thus cannot provide the express statutory authority necessary for the Government's appeal.

### III

Guam argues that decisions of the District Court of Guam should, as a matter of policy, be reviewable in this court. Guam correctly points out that its District Court is a territorial court, created under the authority of article IV, section 3 of the Constitution rather than under the authority of article III. *Guam v. Olsen,* 431 U.S. 195 at 196 n. 1, 97 S.Ct. 1774 at 1776 n. 1, 52 L.Ed.2d 250 (1977).[6] The Supreme Court has been reluctant to "foreclose appellate review by Art. III courts ... of decisions of territorial courts in cases that may turn on questions of federal law." *Id.* at 201, 97 S.Ct. at 1778.

Although this policy consideration may be a strong one, Guam's argument is more properly addressed to Congress than to this

---

5. Both the Guam Legislature and the United States Congress apparently view the right to appeal as procedural. Guam has placed its statute authorizing Government appeals within its Code of Criminal Procedure, *see* Guam Crim.Proc.Code § 130.20(a) (1977), while the federal Criminal Appeals Act is codified within the Part of Title 18 captioned "Criminal Procedure," *see* 18 U.S.C. § 3731 (1976).

6. Guam also expresses concern that judges of the District Court of Guam "are appointed in a process which does not include approval, nomination, or confirmation by either the Government, the Legislature, or the People of Guam." Since the judges of this court are likewise appointed without Guam's participation, we fail to see how permitting appeals to this court would alleviate Guam's concern.

court. As the Supreme Court said in *Carroll v. United States,* 354 U.S. 394, 407–08, 77 S.Ct. 1332, 1340, 1 L.Ed.2d 1442 (1957), "[i]f there is a serious need for [these] appeals ..., it is the function of the Congress to decide whether to initiate a departure from the historical pattern of restricted appellate jurisdiction in criminal cases." In other areas, Congress has shown itself capable of authorizing appeals from the District Court of Guam. *See* 28 U.S.C. § 1252 (1976) (direct appeals to Supreme Court).[7] It has not done so here, nor has it delegated to the Guam Legislature the power to authorize appeals by Guam in criminal cases.

 There being no statutory authority for Guam's appeal, the appeal must be dismissed.[8]

DISMISSED.

---

**7.** Section 1252 provides that *"[a]ny party* may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States [or] ... *the District Court of Guam* ... holding an Act of Congress unconstitutional ..." (emphasis added) It stands in sharp contrast to the Criminal Appeals Act, which provides that "[i]n a criminal case an appeal *by the United States* shall lie to a court of appeals from a decision, judgment, or order of *a district court"* under certain enumerated circumstances. 18 U.S.C. § 3731 (1976) (emphasis added). The former version of section 3731 allowed some direct appeals to the Supreme Court in criminal cases, but only "by and on behalf of the United States from the district courts." Act of June 25, 1948, ch. 645, 62 Stat. 844.

**8.** In dismissing the appeal, we do not reach the merits of Guam's case. We note, however, that the defendant raised two grounds for reversal not presented to the trial court: that the indictment should have been dismissed for the Government's failure to produce certain tapes and that the indictment should have been dismissed for speedy trial violations. The Appel-

late Division of the District Court of Guam dismissed the indictment on the first ground, ignoring the general rule that an appellate court does not consider issues raised for the first time on appeal. This rule is merely a rule of practice, however, and can be relaxed where, for example, significant questions of general impact are raised; injustice might otherwise result; plain error has occurred; resolution of the new issue is purely a matter of law and does not rely upon the factual record developed by the parties; or a new theory has first come to light during the pendency of the appeal because of a recent change in the law. See *United States v. Krasn,* 614 F.2d 1229, 1235–36 (9th Cir.1980); *United States v. Patrin,* 575 F.2d 708, 712 (9th Cir.1978); *Krause v. Sacramento Inn,* 479 F.2d 988, 989 (9th Cir.1973). Thus, although the District Court may have been justified in addressing the issue not raised before the trial court, in the future we encourage the court to articulate its reasons for doing so on the record so that the trial court and the parties understand the court's rationale for departing from the general rule.