The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellant,

v.

Amelita T. ESTREBOR, Defendant-Appellee.

No. 87–1159.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1988.

Decided June 10, 1988.

Frances Tydingco-Gatewood, Attorney General's Office, Agana, Guam, for plaintiff-appellant.

I. Randall Cunliffe, Milton E. Franke, Cunliffe & Cook, Agana, Guam, for defendant-appellee.

Before WALLACE, REINHARDT and NOONAN, Circuit Judges.

REINHARDT, Circuit Judge:

Amelita Estrebor, a resident alien, pled guilty to theft on April 2, 1985. In October 1985, the Immigration and Naturalization Service sent an order to Estrebor to show cause why she should not be deported from the United States. In December 1985, Estrebor filed a motion to withdraw and then re-enter her guilty plea. She claimed that at the time she pled guilty she was unaware that her plea could subject her to deportation, see 8 U.S.C. § 1251(a)(4), and that she had a statutory right within thirty days of her sentencing to seek the court's recommendation that she not be deported. See 8 U.S.C. § 1251(b)(2). She stated that the withdrawal and re-entry of the plea would give her an opportunity to request that recommendation. The superior court allowed the withdrawal of the plea on the ground of "manifest injustice", 8 Guam Code Annotated § 120.42. The government appealed the superior court's decision to the District Court of Guam, Appellate Division, which affirmed the decision. The government now appeals the district court's decision to this court.

As we noted in an earlier case: "It has long been established that the government may not appeal in a criminal case in the absence of express statutory authority." *Guam v. Okada*, 694 F.2d 565, 566 (9th Cir.1982), *amended & reh'g denied*, 715 F.2d 1347 (9th Cir.1983), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 441, 83 L.Ed.2d 367 (1984). In this case, there is express statutory authority for the government to appeal the adverse decision of the District Court of Guam, Appellate Division, to this court. 48 U.S.C.A. § 1493(c) (Supp.1987), enacted after *Okada*, authorizes the prosecution in a territory to seek review of an adverse decision of an appellate court, and 48 U.S.C.A. § 1424–3(c) (Supp.1987) provides that this court has jurisdiction over appeals from all final decisions of the appellate division of the district court of Guam.[1]

The authority of Guam's prosecutor to appeal the superior court's decision to the district court is a different matter. For background, we first examine 18 U.S.C. § 3731, which permits the United States to appeal only from a narrow and carefully circumscribed category of rulings in criminal cases. In those specified instances, section 3731 allows an appeal "from a decision, judgment, or order of a district court." In *United States v. Martin*, 611 F.2d 260 (9th Cir.1979), we held that because an order permitting withdrawal of a guilty plea is "an interlocutory step in criminal proceedings" it is not an appealable order for the purpose of section 3731. *See id.* at 261.

The federal statute that governs Guam's right to appeal in criminal cases is 48 U.S.C. § 1493. Section 1493 consists of two parts. One part we have already discussed: Subsection (c) governs appeals from an appellate court to this court. The other part, subsections (a) and (b), governs appeals from the trial court to the district court. Subsections (a) and (b) are substantively identical to 18 U.S.C. § 3731.[2] In view of *Martin*, Guam wisely concedes that section 1493 does not authorize it to appeal

---

1. The normal rule precluding the government from appealing in criminal cases is applicable to appeals from the trial court to an appellate court rather than from one appellate court to another.

2. With one exception, there is no difference on their face between sections 3731 and sub-sections (a) and (b) of section 1493 with respect to the types of decisions, judgments, or orders from which review or appeal may be sought.

(The exception is that section 3731 was amended in 1984 so as to authorize appeals from orders granting a new trial after verdict or judgment; section 1493 does not contain a parallel provision.) We note, however, that section 1493 authorizes the prosecution to seek review or other suitable relief "unless precluded by local law," while no similar qualifying phrase is, of course, contained in section 3731.

the order permitting withdrawal to the district court. Instead, Guam relies on 8 Guam Code Annotated § 130.20(a)(3). That provision states:

> An appeal may be taken by the government from any of the following:
>
> \*    \*    \*    \*    \*    \*
>
> (3) An order made after judgment, affecting the substantial rights of the government.

There are two problems with Guam's reliance on section 130.20. First, appellee contends that the section is no longer valid law. The section was enacted in 1977 and amended in 1980. Subsequently, in 1984, the United States Congress enacted 48 U.S. C. § 1493, discussed above. Appellee contends that by enacting section 1493, Congress intended to adopt the controlling law on the question of government appeals of criminal matters in the territories and the commonwealths, and that those entities are not free to authorize additional such appeals. If appellee is correct, the portions of section 130.20(a), including subsection (a)(3), that go beyond section 1493 would be preempted. There is no need, however, to decide in this case whether section 1493 preempts all or any portion of 8 Guam Code Annotated § 130.20. We hold that even if section 130.20 is valid, it does not authorize the government to appeal from an order permitting withdrawal of a guilty plea.

Section 130.20(a)(3) authorizes the government to appeal "[a]n order made after judgment, affecting the substantial rights of the government." The question is whether an order permitting withdrawal of a guilty plea is the type of order covered by subsection (3). The subsection is designed to deal with post-judgment orders. While a withdrawal of a guilty plea may, from a temporal standpoint, on some occasions occur following entry of judgment, we have classified such a withdrawal as merely "an interlocutory step" in the criminal process. *Martin,* 611 F.2d at 261. We do not read the use of the term "order made after judgment" in subsection (3) as indicating the Guam legislature's intention to authorize the prosecution to appeal from

"interlocutory" orders which are simply a "step in [the] ... proceedings." We require more specific statutory language before we will recognize so broad an expansion of the prosecution's limited right to appeal. Therefore, we hold that, even if section 130.20 is still valid, it does not authorize the prosecutor to appeal to the district court from an order permitting withdrawal of a guilty plea.

The district court did not have jurisdiction to hear the government's appeal. Therefore, we remand this case to that court with instructions to vacate its previous judgment and dismiss the government's appeal.

**REMANDED**