**PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Frankie Agualo ULLOA, Defendant–Appellant.**

No. 88–1470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 29, 1989.

Decided May 24, 1990.

Jeffrey A. Cook, Cunliffe & Cook, Agana, Guam, for defendant-appellant.

J. Nicholas Bostic, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before BROWNING, PREGERSON and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

Frankie Agualo Ulloa appeals from a decision of the District Court of Guam, Appellate Division [1] reversing the Guam Superior

---

1. The Guam Legislature has not yet established a local territorial appellate court as authorized by Congress. *See* 48 U.S.C. § 1424–1(a). Until such an appellate court is established, Congress

Court's judgment of acquittal *non obstante veredicto* (n.o.v.) and reinstating the jury's guilty verdict on the charge of unlawful possession and use of a deadly weapon in the commission of a felony. Ulloa argues that the appellate division lacked jurisdiction to entertain the appeal of the government of Guam. He also argues that even if the appellate division had jurisdiction, it erred in setting aside the superior court's judgment. For the reasons discussed below, we reverse.

## BACKGROUND

On January 15, 1987, Frankie Agualo Ulloa was indicted for robbery in the first degree, first degree criminal sexual conduct, and unlawful possession and use of a deadly weapon in the commission of a felony.

At the conclusion of a jury trial in the Superior Court of the Territory of Guam, Ulloa was convicted of robbery in the third degree and criminal sexual conduct in the second degree, both as lesser and included offenses of the original charges. The jury also found Ulloa guilty of the separate offense of possession or use of a deadly weapon in the commission of a felony under 9 G.C.A. § 80.37.[2]

Ulloa moved for judgment of acquittal n.o.v. on the weapons charge pursuant to 8 Guam Code Annotated (G.C.A.) § 100.30.[3] The trial court granted the motion. The court reasoned that, in this case, the only significant difference between robbery in the second degree[4] and robbery in the third degree[5] is that the former includes as an element of the offense the use of a deadly weapon during the commission of a theft. Therefore, the court concluded, the jury's verdict convicting Ulloa of the unlawful use of a weapon in the commission of a felony was "legally absurd" in relation to its verdict convicting Ulloa of third degree robbery instead of second degree robbery.

The government appealed the trial court's decision to the Appellate Division of the District Court of Guam. The appellate

has provided that an appellate division of the District Court of Guam shall have jurisdiction over appeals from the local territorial trial courts. 48 U.S.C. § 1424-3(a). The appellate division consists of three judges: the district judge, who is the presiding judge, and two other judges who are designated by the presiding judge. 48 U.S.C. § 1424-3(b).

**2.** 9 G.C.A. § 80.37 provides:

Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years. The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment. No person convicted and sentenced hereunder shall be eligible for parole or probation until he shall have served at least five (5) years in prison. No person convicted or sentenced hereunder shall be eligible to participate in any work release program until he shall have served at least five (5) years. The term required to be imposed by the Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

**3.** 8 G.C.A. § 100.30 provides in pertinent part:

If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal.

**4.** 9 G.C.A. § 40.20 states in pertinent part:

(a) A person is guilty of robbery in the second degree if, in the course of committing a theft, he:
(1) inflicts serious bodily injury upon another; or
(2) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or
(3) is armed with or displays what appears to be explosives or a deadly weapon.

**5.** 9 G.C.A. § 40.30 states in pertinent part:

(a) A person is guilty of robbery in the third degree if, in the course of committing a theft, he:
(1) uses force against another with intent to overcome his physical resistance or physical power of resistance; or
(2) threatens another with or intentionally puts him in fear of the imminent use of force against the person of anyone with intent to

division reversed the trial court's judgment of acquittal n.o.v. The appellate division reasoned (1) that the jury's verdict convicting Ulloa of third, rather than second degree robbery did not affect "in any way" the evidence supporting the guilty verdict on the weapons charge, and (2) that "in the absence of ... juror misconduct, it is not for the [trial] court to speculate about the mental processes by which the jury reached its verdict[s]."

Ulloa timely appealed the appellate division's decision to this court. We have jurisdiction pursuant to 48 U.S.C. § 1424–3(c).

## STANDARD OF REVIEW

We review questions of jurisdiction and the interpretation of local law by the Appellate Division of the District Court of Guam *de novo.* *United States v. Layton,* 855 F.2d 1388, 1394 (9th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989); *Guam v. Yang,* 850 F.2d 507, 509 (9th Cir.1988) (en banc).

## DISCUSSION

The government of Guam initiated its appeal to the Appellate Division of the District Court of Guam pursuant to 8 G.C.A. § 130.20(a)(4), and the appellate division accepted jurisdiction pursuant to the same section. In its brief to this court, the government continues to rely upon § 130.20(a)(4) as authorizing its appeal to the appellate division. Section 130.20 states in pertinent part:

(a) An appeal may be taken by the government from any of the following:

(1) An order granting a new trial.

(2) An order arresting judgment.

(3) An order made after judgment, affecting the substantial rights of the government.

(4) An order modifying the verdict on [sic] finding by reducing the degree of the offense or the punishment imposed.

(5) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

(6) An order granting a motion to suppress evidence.

Ulloa concedes that the government's appeal "appears to fall under (a)(4)," but argues that (a)(4), as well as subsections (a)(1), (a)(2), and (a)(3) of 8 G.C.A. § 130.20 have been preempted by 48 U.S.C. § 1493.[6] The government of Guam concedes that § 1493 does not authorize it to appeal in this case, but contends that § 1493 does not operate to preempt any portion of § 130.20(a).

We need not reach the question whether 48 U.S.C. § 1493 preempts all or part of 8 G.C.A. § 130.20(a) because we find that in applying Guam law this appeal is not authorized by § 130.20(a)(4).[7] We hold, there-

---

compel acqui[e]scence to the taking of or escaping with property.

**6.** Section 1493 states in pertinent part:

The prosecution in a territory or Commonwealth is authorized—unless precluded by local law—to seek review or other suitable relief in the appropriate local or Federal appellate court, or, where applicable, in the Supreme Court of the United States from—

(a) a decision, judgment, or order of a trial court dismissing an indictment or information as to any one or more counts, except that no review shall lie where the constitutional prohibition against double jeopardy would [prohibit] further prosecution;

(b) a decision or order of a trial court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information ...; and

(c) an adverse decision, judgment, or order of an appellate court.

**7.** Moreover, it is clear that the government's appeal is not authorized by any of the other provisions contained in § 130.20(a). The government's appeal is not authorized by (a)(1) because the superior court did not order a new trial. The appeal is not authorized by (a)(2) because an arrest of judgment is the act of a trial judge refusing to pronounce judgment on the verdict. *See* 8 G.C.A. § 115.10(b). Here, a judgment on the verdict, the acquittal on the weapons charge, was pronounced. The government's appeal is not authorized by (a)(3) because a judgment of acquittal is not an order made after judgment; it is a judgment. Finally, the government's appeal is not authorized by (a)(5) or (a)(6) because the superior court did not terminate the action before Ulloa had been placed in jeopardy or grant a motion to suppress evidence.

fore, that even assuming § 1493 does not preempt § 130.20(a), the latter section does not authorize the government of Guam to appeal a judgment of acquittal n.o.v.

It is well settled that the prosecution may appeal from an adverse decision in a criminal case only if expressly authorized by statute. *Arizona v. Manypenny*, 451 U.S. 232, 238, 101 S.Ct. 1657, 1662, 68 L.Ed.2d 58 (1981); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977); *United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *United States v. Sanges*, 144 U.S. 310, 312, 318–323, 12 S.Ct. 609, 612–14, 36 L.Ed. 445 (1892); *Guam v. Okada*, 694 F.2d 565, 566 (9th Cir.1982), *amended & reh'g denied*, 715 F.2d 1347 (9th Cir.1983), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 441, 83 L.Ed.2d 367 (1984). Express authorization includes authorization that may be derived from a reasonable reading of the text of the statute. *See Guam v. Estrebor*, 848 F.2d 1014 (9th Cir.1988).[8]

Section 130.20(a)(4) authorizes the prosecution to appeal from "an order modifying the verdict [or] finding by reducing the degree of the offense or the punishment imposed." This section does not expressly authorize an appeal from a judgment of acquittal n.o.v. because (1) in drafting § 130.20(a)(4) the Guam Legislature failed to use the words "judgment of acquittal n.o.v.," and (2) authorization for an appeal from a judgment of acquittal n.o.v. cannot be derived from a reasonable reading of the statutory language.

While it may arguably be reasonable to characterize a judgment of acquittal n.o.v. as an "order" under § 130.20(a)(4), we conclude that it is not reasonable to do so in light of the structure of the statute as a whole. The Guam Legislature allows the prosecution to appeal from an "order or judgment" only under § 130.20(a)(5).[9] Under every other provision of § 130.20(a), to wit (a)(1), (a)(2), (a)(3), (a)(4), and (a)(6), the legislature excluded the term "or judgment." Accordingly, we conclude that the exclusion of the term "or judgment" from § 130.20(a)(4) was deliberate and purposeful. Therefore, § 130.20(a)(4) fails to authorize an appeal from a judgment of acquittal n.o.v. because it fails to authorize an appeal from *any* judgment.

Furthermore, even assuming (a)(4) authorizes an appeal from a judgment, we cannot conclude that a judgment of acquittal n.o.v. merely "modifies" the verdict. To reach such a conclusion, we would have to interpret the word "modify," which is defined as "to change in incidental or subordinate features,"[10] to mean "to change completely" or "to nullify." Such an interpretation would be an unjustifiable departure from the plain meaning of "modify."

Moreover, even assuming we could construe a judgment of acquittal n.o.v. as "an order modifying the verdict," it simply cannot be maintained that a judgment of acquittal n.o.v. modifies the verdict *"by reducing the degree of the offense."* The emphasized language presupposes that some crime—albeit of relatively less seriousness—has been committed. A judgment of acquittal n.o.v., however, declares in effect that no offense of any degree or seriousness has been committed.

With regard to the contention that a judgment of acquittal n.o.v. modifies the verdict "by reducing the punishment imposed," we agree with the California Supreme Court's analysis in *People v. Drake*, 19 Cal.3d 749, 139 Cal.Rptr. 720, 566 P.2d 622 (1977), interpreting language *identical*

---

**8.** In *Estrebor*, we refused to interpret the term "order made after judgment" in § 130.20(a)(3) as authorizing a government appeal from an order permitting withdrawal of a guilty plea. *Estrebor*, 848 F.2d at 1016. We reasoned that because such a withdrawal functions as an interlocutory step in the criminal process, the order permitting the withdrawal functions as an interlocutory order. *Id.* Since an interlocutory order cannot reasonably be read as "an order made after judgment," we could not derive authorization for the government's appeal from the text of § 130.20(a)(3). *Id.*

**9.** The full text of § 130.20(a) is set forth *supra* at p. 5302.

**10.** Black's Law Dictionary 905 (5th ed. 1979).

to that found in 8 G.C.A. § 130.20(a)(4).[11] That court stated:

> The simple rebuttal to the contention is that when the court acted here sentence had not yet been pronounced and hence there was no existing "punishment imposed" subject to reduction.
>
> ... To hold that any order which might have an effect on eventual punishment is appealable under subsection 6 *would distort both the language and the structure of the statute.* Such an interpretation would render superfluous the language in subsection 6 relating to orders "reducing the degree of the offense," as those orders are also likely to result in reducing the punishment imposed.

*Drake,* 19 Cal.3d at 756, 139 Cal.Rptr. at 723, 566 P.2d at 625 (emphasis added).[12]

Were we to read § 130.20(a)(4) as allowing government appeals from judgments of acquittal n.o.v., we too "would distort both the language and structure of the statute." As we stated in *Estrebor,* "[w]e require more specific statutory language before we will recognize so broad an expansion of the prosecution's limited right to appeal." *Estrebor,* 848 F.2d at 1016.

Because neither 8 G.C.A. § 130.20(a)(4) nor any other provision of § 130.20(a) expressly authorizes the government's appeal in this case, the Appellate Division of the District Court of Guam was without jurisdiction to entertain the appeal. We therefore reverse the decision of the appellate division and reinstate the superior court's judgment of acquittal n.o.v. on the weapons charge.[13]

REVERSED.

DAVID R. THOMPSON, Circuit Judge, concurring:

I concur, but write separately because in my view it is necessary only to decide that the district court's judgment of acquittal n.o.v. is not an order "reducing the degree of the offense or the punishment imposed." *See* 8 G.C.A. 130.20(a)(4); *People v. Drake,* 19 Cal.3d 749, 756, 139 Cal.Rptr. 720, 723,

---

11. The language interpreted by the California Supreme Court is contained in California Penal Code § 1238(a)(6). In 1977, that section provided:

(a) An appeal may be taken by the people from any of the following:

....

(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed.

12. The government of Guam argues that the California Supreme Court's analysis in *Drake* is faulty in relying on the fact that sentence had not yet been pronounced rather than on the effect of the trial court's order on an eventual sentence. In *Drake,* the trial court had entered an order modifying its earlier finding to a lesser included offense. The government of Guam contends that the effect of that order would have been a reduction in the punishment, and therefore that the California Supreme Court should have considered it appealable as "an order modifying the verdict or finding by reducing ... the punishment imposed." Similarly, the government of Guam contends that in the instant case, the superior court's judgment of acquittal n.o.v. on the charge of unlawful possession or use of a deadly weapon in the commission of a felony, 9 G.C.A. § 80.37, had the *effect* of reducing the punishment because 9 G.C.A. § 80.37 is a sentence enhancement statute.

We reject the government's contention that the analysis in *Drake* is faulty, and find that analysis directly applicable to this case. We are persuaded by the California Supreme Court that in deciding whether an order "modif[ies] the verdict or finding by reducing ... the punishment imposed," 8 G.C.A. § 130.20(a)(4), the proper focus is on whether there has been punishment imposed subject to reduction, not whether the *effect* of the order is or could be a reduction in punishment not yet imposed. *Drake,* 19 Cal.3d at 756, 139 Cal.Rptr. at 723, 566 P.2d at 625. In *Drake,* the California Supreme Court concluded that the phrase regarding reductions in "the punishment imposed" was meant to allow the State to appeal from orders reducing punishment that was already fixed in a prior verdict or finding, such as from orders under Cal. Penal Code § 1181(7). *Id.*

As in *Drake,* Ulloa's sentence had not yet been imposed when the superior court entered the judgment of acquittal n.o.v.; therefore, there was no existing "punishment imposed" subject to reduction. In addition, it appears that the phrase regarding reductions in "the punishment imposed" in 8 G.C.A. § 130.20(a)(4) was meant to allow appeals from orders issued pursuant to 8 G.C.A. § 120.46, which allows a superior court to reduce or correct a sentence already imposed.

13. Because the appellate division lacked the authority to hear the appeal, we do not reach the question of whether it erred in setting aside the superior court's judgment.

566 P.2d 622, 625 (1977). The judgment is not such an order, and as a result the government's appeal is not permitted by section 130.20(a)(4).