The PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellant,

v.

Juan Francisco BORJA, Defendant–Appellee.

The PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellant,

v.

Ignatius Andrew SMITHERS, Defendant–Appellee.

The PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellant,

v.

Anthony B. TAIMANGLO, Defendant–Appellee.

The PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellant,

v.

Henry Babauta SANTOS, Defendant–Appellee.

Nos. 91–10340, 91–10342, 91–10344 and 91–10345.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 18, 1992.

Decided Dec. 7, 1992.

As Amended Jan. 20, 1993.

J. Andrew Artero–Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellant.

Howard G. Trapp and Scott R. Grigsby, Baumann and Hull, Robert E. Hartsock, Hartsock and Somerfleck, Agana, Guam, for defendants-appellees.

Before: ALARCON, BOOCHEVER, and HALL, Circuit Judges.

BOOCHEVER, Circuit Judge:

The government of Guam appeals the decision of the Appellate Division reversing

and remanding for new trials the convictions of Juan Borja, Ignatius Smithers, Henry Santos, and Anthony Taimanglo on the basis of an erroneous jury instruction defining "reasonable doubt." The questions presented in these consolidated cases are (1) whether an order granting a new trial in a criminal case is a final, appealable decision subject to this court's jurisdiction, and (2) whether the Appellate Division erred in reviewing an unobjected-to jury instruction for reversible error, rather than for plain error. We reverse the Appellate Division's decisions in all four cases.

## FACTS

This is a consolidated appeal from four separate criminal trials. Each of the defendants, Juan Borja, Ignatius Smithers, Henry Santos, and Anthony Taimanglo, was tried separately for unrelated offenses, found guilty, and sentenced. Borja, Smithers and Santos were tried before the same trial judge who presided over the cases of *Guam v. Yang*, 800 F.2d 945 (9th Cir.1986) ("*Yang I*") and *Guam v. Ignacio*, Cr.App. No. 79–00036A (D.Guam App.Div.), *aff'd*, 673 F.2d 1339 (9th Cir.1982). Those cases upheld the giving of a nonstatutory reasonable doubt instruction. In *Guam v. Yang*, 850 F.2d 507 (9th Cir.1988) ("*Yang II*") (en banc), we held that the use of a reasonable doubt instruction "substantially at odds" with Guam's statutory definition was reversible error so that we reversed and remanded for a new trial. Similarly, nonstatutory jury instructions were given in the four cases at issue here. All four defendants appealed their convictions to the District Court of Guam Appellate Division, claiming that the trial court committed reversible error by giving a nonstatutory reasonable doubt jury instruction. The Appellate Division held that the facts in these four cases could not be distinguished from the facts in *Yang II*. Thus the Appellate Division reversed the convictions and remanded for new trials on the merits.

## DISCUSSION

### I.

■ To establish jurisdiction, Guam "must show that it has the right to appeal and that the order appealed from comes within the terms of a statutory grant of appellate jurisdiction." *United States v. Dior*, 671 F.2d 351, 354 (9th Cir.1982). The government's right to appeal is narrow, and it " 'may not appeal in a criminal case in the absence of express statutory authority.' " *Guam v. Estrebor*, 848 F.2d 1014, 1015 (9th Cir.1988) (quoting *Guam v. Okada*, 694 F.2d 565, 566 (9th Cir.1982), *amended*, 715 F.2d 1347 (9th Cir.1983), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 441, 83 L.Ed.2d 367 (1984)). Guam has the authority to appeal to this court from an adverse final decision or order of the Guam Appellate Division. 48 U.S.C. §§ 1424–3(c), 1493(c) (1988).

■ The defendants argue that an order for a new trial is not a final and appealable order within the meaning of § 1424–3(c). We reject this argument. The defendants misapprehend the fundamental difference between a trial court's grant of a new trial and an appellate court's remand for a new trial. A trial court's grant of a new criminal trial is not a final, appealable order because "it does not resolve the ultimate question of the guilt or innocence of the accused ..., much less determine a sentence." *Dior*, 671 F.2d at 354. Rather, " '[f]inal judgment in a criminal case means sentence. The sentence is the judgment.' " *Id.* (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937)). In this case the district court sentenced each of the defendants, and each judgment was a final order appealable to the Appellate Division.

■ As to the Appellate Division's remand for a new trial, this court assesses the finality of the decision in roughly the same way that the Supreme Court determines the finality of state court judgments for purposes of its jurisdiction. *Guam v. Kingsbury*, 649 F.2d 740, 742 (9th Cir. 1981), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981). Accordingly, Appellate Division decisions requiring further proceedings in the trial court are considered final and appealable if the party

seeking review would not have a right to appeal an adverse outcome of those subsequent state proceedings. *See Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 481, 95 S.Ct. 1029, 1039, 43 L.Ed.2d 328 (1975); *Miranda v. Arizona,* 384 U.S. 436, 498 n. 71, 86 S.Ct. 1602, 1640 n. 71, 16 L.Ed.2d 694 (1966); *see also Estrebor,* 848 F.2d at 1015 (Appellate Division decision affirming defendant's right to withdraw guilty plea was an appealable, final decision). Here, Guam would not have the right to appeal the defendants' acquittals on retrial. *See* 48 U.S.C. § 1493(a), (b) (1988) (territorial prosecution's right to appeal trial court decisions limited to dismissals of indictments and suppression orders). Therefore the Appellate Division's decisions are final and appealable, and this court has jurisdiction.

## II.

### A.

At the Borja, Smithers, and Santos trials, the court instructed the juries as follows:

> [R]easonable doubt is a doubt that's based on common sense and reason, and it's the kind of doubt *that would make a reasonable person hesitate to do a certain act.* Therefore, proof beyond a reasonable doubt is proof of such a convincing character that would make a reasonable person without hesitation rely and act upon it in the most important of his or her own affairs (emphasis added).

In contrast, the Guam statutory instruction provides that:

> Reasonable doubt is ... 'not a mere possible doubt because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the mind of the trier of fact in that condition that *he cannot say he feels an abiding conviction to a moral certainty,* of the truth of the charge.'

8 Guam Code Ann. § 90.23(a) (1987) (emphasis added). None of the three defendants either requested the statutory in-

struction or objected to the use of the nonstatutory instruction.

*Yang II* considered essentially the same dissimilarity between the statutory jury instruction and the instruction presented in these three cases. A unanimous en banc panel held that the trial court committed reversible error by giving the nonstatutory jury instruction, even though the defendant did not object to the use of the nonstatutory instruction. *Yang II,* 850 F.2d at 512 n. 8, 513–14. In reaching this conclusion, we relied on the exception to the contemporaneous objection requirement set forth in *United States v. Scott,* 425 F.2d 55 (9th Cir.1970) (en banc). Under *Scott,* "no contemporaneous objection is required when it would have been futile [to object] in the trial court because 'a solid wall of circuit authority' foreclosed the trial court from correcting its ruling." *Yang II,* 850 F.2d at 512 n. 8 (quoting *Scott,* 425 F.2d at 57). In holding that the case came under the *Scott* exception, we stated:

> We believe that the *Scott* exception applies to the unique facts of this case. Both the government and the defense had requested an instruction in accordance with the reasonable doubt instruction contained in section 90.23(a). The trial court, however, decided to give the nonstatutory reasonable doubt instruction based on *Guam v. Ignacio,* Cr.App. No. 79–00036A (D.Guam App.Div.), *aff'd,* 673 F.2d 1339 (9th Cir.1982). In *Ignacio,* which we affirmed prior to Yang's trial, we approved the same nonstatutory reasonable doubt instruction that the trial court gave in this case. In light of our decision in *Ignacio,* the fact that Yang's trial was before the same judge who heard *Ignacio,* and Guam's erroneous practice of relying on our unpublished decisions as binding precedent, we conclude that, as in *Scott,* an objection would have been futile because the trial court would not have changed its decision.

*Id.*

Guam argues that because Borja, Smithers, and Santos failed to object to the jury instruction at trial, the Appellate Division should have reviewed for plain error.

Guam distinguishes these three cases from *Yang II* by arguing that there was no "solid wall of circuit authority" at the time the jury instructions were given that would have made an objection futile under *Scott*. Guam bases its argument on the fact that the court instructed the juries in these three cases after we had voted to rehear *Yang I* en banc, *Guam v. Yang*, 833 F.2d 1379 (9th Cir.1987), and prior to the en banc decision in *Yang II*.[1] *Yang I* had held that giving the "hesitate to act" nonstatutory jury instruction was permissible under Guam law. *Yang I*, 800 F.2d at 947. Thus Guam concludes that the defendants should have objected to the proposed jury instruction because no circuit authority foreclosed the trial court from abandoning the nonstatutory instruction and giving the statutory instruction.

■ Whether an objection would have been futile under the *Scott* exception is a mixed question of law and fact. *See Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1790–91 n. 19, 72 L.Ed.2d 66 (1982) (a mixed question of law and fact occurs when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule). Here, no question of fact is disputed so that the legal issues predominate. Where the legal issues predominate in mixed questions of law and fact, we review the question de novo. *Boone v. United States*, 944 F.2d 1489, 1492 (9th Cir.1991). Because before the jury instructions were given in these cases we ordered *Yang I* to be reheard en banc, we conclude the defendants should have objected to the use of the nonstatutory instruction. Had there been an objection, the judge would have been alerted to the fact that *Yang I*'s acceptance of the nonstatutory instruction was being questioned.

■ Moreover, these three cases are distinguishable from *Yang II* because Borja, Santos, and Smithers never requested the statutory jury instruction. In *Yang II*, both parties had requested the statutory instruction before the trial judge chose to give a nonstatutory instruction. *Yang II*, 850 F.2d at 512 n. 8. Although this request was not dispositive in *Yang II* in that it was not tantamount to an objection to the nonstatutory instruction, it was a factor in the court's futility analysis. We are cognizant that *Guam v. Ibanez*, 880 F.2d 108, 111–12 (9th Cir.1989), *cert. denied*, 496 U.S. 930, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990), read *Yang II* as not attaching much significance to the defendant's request for the statutory instruction. We do not construe this observation, however, as eliminating the request for a statutory instruction from the *Scott* futility analysis. A requested statutory instruction calls the issue to the trial judge's attention. The trial court's refusal to accept the initial request for a statutory jury instruction in *Yang II* made the futility of a subsequent objection to the nonstatutory instruction more probable. In the present cases, no request was made for a statutory instruction, and although not dispositive, we view the absence of a request for a statutory instruction as one factor to be added to the en banc reconsideration of the *Yang I* decision in deciding that an objection would not have been futile.

In addition, the defendants' reliance on *Ibanez* is misplaced. In *Ibanez*, the court reasoned that because *Yang I* remained intact when the judge instructed the jury, precedent supported the judge's decision that the nonstatutory instruction was proper and thus the defendant's failure to object came within the *Scott* exception. *Id.* at 112. Here, the order for en banc reconsideration of *Yang I* before the jury instructions were given eroded the authority for giving the nonstatutory formulation. Had the defendants objected to the use of the nonstatutory instruction, pointing out that *Yang I* was being reconsidered en banc, they would have alerted the judge to

---

1. On December 9, 1987, we ordered that *Yang I* be reheard en banc. The jury in Santos' case was instructed on December 17, 1987, but his attorney brought a motion for new trial which was supplemented on January 4, 1988. In Smithers' case, the jury was instructed on March 3, 1988, while in Borja's case, the jury was instructed on March 14, 1988. The *Yang II* en banc decision was not filed until June 20, 1988.

the possible error and allowed him to correct it. Because the judge reasonably might have changed his decision to give the nonstatutory instruction, we conclude that an objection would not have been futile. Accordingly, the *Scott* exception to the contemporaneous objection requirement does not apply.

 Because the defendants failed to object to the nonstatutory jury instruction, the Appellate Division should have reviewed for plain error. *See United States v. Boone*, 951 F.2d 1526, 1541 (9th Cir. 1991). " 'A plain error is a highly prejudicial error affecting substantial rights.' " *United States v. Payne*, 944 F.2d 1458, 1463 (9th Cir.1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1199 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)), *cert. denied*, —— U.S. ——, 112 S.Ct. 1598, 118 L.Ed.2d 313 (1992). In these three cases, plain error was not committed because the defendants' substantive rights were not significantly affected. We do not condone the jury instructions that the trial court gave, which, as we stated in *Yang II*, do not convey the meaning of reasonable doubt as defined by the legislature. We emphasize that trial courts must respect the judgment of Guam's legislature. Nevertheless, having concluded that the Appellate Division should have reviewed for plain error, we find that the charge does adequately convey the degree of doubt required for acquittal. If anything, the nonstatutory jury instruction may have been more favorable to the defendants than the statutory instruction. *See United States v. Drake*, 673 F.2d 15, 21 (1st Cir.1982) ("moral certainty" instruction may cause the jury to convict based on a feeling rather than on the facts of a case); *United States v. Byrd*, 352 F.2d 570, 575 (2nd Cir.1965) (doubt to a "moral certainty" creates confusion for jury because "doubt" and "certainty" are antithetical); *cf. Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed.

150 (1954) ("hesitate to act" definition preferred to "willing to act" definition because it is less confusing to jury); *United States v. Jaramillo–Suarez*, 950 F.2d 1378, 1385–86 (9th Cir.1991) (same).[2] Accordingly, we find it necessary to reverse the Appellate Division's decisions in these three cases.

### B.

Taimanglo's case was heard by a different trial judge who gave the following nonstatutory jury instruction, to which Taimanglo did not object:

A reasonable doubt is a doubt based on reason and common sense. This means that you must return a not guilty verdict if after you have considered all evidence in this case, you have a doubt based on reason and common sense that the government has not proved the defendant's guilt. You may not convict on the basis of mere suspicion. On the other hand, the government is not required to prove guilt beyond all possible doubt. You should return a guilty verdict if, but only if, you find the evidence *so convincing that an ordinary person would be willing to make the most important decisions in his or her life* on the basis of such evidence (emphasis added).

The jury was instructed on March 18, 1985. This was before *Yang I* was decided on September 25, 1986, but after *Ignacio* had been decided in an unpublished disposition.

Again, Guam argues that because the defendant failed to object to the nonstatutory jury instruction, the Appellate Division should have reviewed for plain error. We agree. Under *Yang II*, considerations in determining whether the *Scott* exception applies include whether the same trial judge who presided over *Ignacio* presided over the case under consideration, whether the trial judge relied on unpublished memorandum dispositions, and whether the parties requested a statutory jury instruction. *Yang II*, 850 F.2d at 512 n. 8. These factors are not present here. First, Judge

**2.** This circuit has consistently held that the "hesitate to act" definition is preferable to other definitions of reasonable doubt. *See, e.g., United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct.

1333, 51 L.Ed.2d 597 (1977). While it is not for us to question the choice of the Guam legislature, it may wish to reconsider its statutory formulation in light of these cases.

Cruz, who heard Taimanglo's case at trial, was not the judge who presided over *Ignacio*. Second, Judge Cruz used a different nonstatutory jury instruction from the instruction used in *Ignacio*. Thus Judge Cruz may not have been relying on *Ignacio* as precedent, and he arguably exercised independent judgment on the validity of the jury instruction. If the defendant had objected, the judge might have used the statutory instruction. Finally, as in the other three cases, Taimanglo did not even request the statutory instruction. Therefore Taimanglo's case does not come under the *Scott* exception.

Because the *Scott* exception does not apply, the Appellate Division should have reviewed the instruction for plain error. *See Boone*, 951 F.2d at 1541. For the same reasons discussed previously, we find plain error was not committed in this case. In *United States v. Robinson*, 546 F.2d 309, 313–14 (9th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977), we held that the use of the "willing to act" instruction does not constitute reversible error. Of course, *Robinson* did not involve a statutory charge, such as Guam has, which again compels us to state that trial courts must respect the statutory definition of reasonable doubt. But the standard of review we have long adhered to, and the one mandated by Guam law, provides that where no objection is made at trial, only those errors affecting substantial rights are grounds for reversal on appeal. *See* Guam Code Ann. §§ 130.50, .55 (1985). *Yang II* stands for the proposition that a defendant who asserts his right to have the jury charged with the statutory definition of reasonable doubt is entitled to that charge, or one similar in meaning. It does not mandate that defendants who agree to a jury instruction that affords them greater protection, without any attempt to object or any indication that it would be futile to do so, receive new trials. Therefore the Appellate Division's decision is also reversed in Taimanglo's case.

REVERSED.