NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-10004 and 15-10038 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00997-JGZ-JR-1 |
| v. | |
| PEDRO MORALES-BRAVO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: McKEOWN, SACK[***], and FRIEDLAND, Circuit Judges.

Pedro Morales-Bravo pled guilty to one count of transportation of illegal

aliens for the purpose of commercial advantage or private financial gain in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision, without oral argument. See Fed. App. P. 34(a) (2)

[***] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), pursuant to a plea agreement with the Government in which he agreed to waive certain rights, including his right to appeal. After substituting counsel, he filed a motion to withdraw his guilty plea, which the district court denied without a hearing. He served a six-month term of imprisonment, and was released on August 7, 2015. He now appeals — through both an interlocutory and a direct appeal — the denial of his motion to withdraw the plea. He also appeals his sentence on the ground that his filing of the notice of interlocutory appeal of the motion to withdraw the plea deprived the district court of jurisdiction to sentence him.

We dismiss the interlocutory appeal for lack of appellate jurisdiction, and affirm Morales-Bravo's sentencing on direct appeal. A ruling on a motion to withdraw a guilty plea is an interlocutory step in criminal proceedings, and as such it is not properly the subject of an interlocutory appeal. *See People of Territory of Guam v. Estrebor*, 848 F.2d 1014, 1015 (9th Cir. 1988); *United States v. Martin*, 611 F.2d 260, 261 (9th Cir. 1979); *see also United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011); *United States v. Gottlieb*, 817 F.2d 475, 476 (8th Cir. 1987). And because Morales-Bravo's interlocutory appeal was improper, it did not deprive the district court of jurisdiction to sentence him. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (The "transfer of

2

jurisdiction from the district court to the court of appeals is not effected . . . if a litigant files a notice of appeal from an unappealable order.").

We also affirm on direct appeal the district court's denial of Morales-Bravo's motion to withdraw his guilty plea. We need not decide whether Morales-Bravo's appeal waiver encompasses his direct appeal, for we conclude that even if the waiver does not apply here, the district court did not abuse its discretion in denying the motion. *See United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015).

Morales-Bravo argues that he demonstrated a "fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B), because the plea colloquy was inadequate under Rule 11; he had demonstrated his factual and legal innocence; his earlier counsel provided ineffective assistance in advising him to plead guilty; and the district court should have conducted an evidentiary hearing on the motion. None of these arguments are persuasive. Morales-Bravo's plea colloquy satisfied the requirements of Rule 11; he was apprehended while sheltering undocumented aliens in his truck, he testified that he knew the aliens were in the United States illegally, and the evidence in the record supports a conclusion that he expected to be compensated in some way for his doing so; the legal advice Morales-Bravo received regarding whether to plead guilty was not inadequate in light of the adequate factual and legal basis for all elements of the offenses charged; and no factual disputes relevant to the motion required resolution

3

by the district court via an evidentiary hearing.   For these reasons, the district court did not abuse its discretion in denying Morales-Bravo's motion to withdraw his guilty plea.

Judgment AFFIRMED.