**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**Betty BRIGGS, Appellee.**

**No. CRIM. A.2000–168.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

July 24, 2001.

Maureen Phelan Cormier, Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, VI, for Appellant.

Treston E. Moore, Esq., Moore & Dodson, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and PATRICIA D. STEELE, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

The Government of the Virgin Islands ["government"] has appealed a judgment of acquittal granted by the Territorial Court in favor of the appellee, Betty Briggs ["Briggs" or "appellee"]. Briggs has moved the Court to dismiss the government's appeal, arguing that an appeal would violate Briggs' constitutional protections against double jeopardy and that the Appellate Division lacks jurisdiction because there is no statutory authorization for the government to appeal. For the reasons set forth below, the Court will grant Briggs' motion to dismiss.

## I. PROCEDURAL BACKGROUND

The government charged Briggs in a one-count information with embezzlement by a fiduciary, a violation of V.I. CODE ANN. tit. 14, §§ 1091 and 1094(a)(2). (*See*

Information, *Government v. Briggs*, Crim. No. F199/1998 (Terr. Ct. St. Thomas & St. John Div. May 15, 1998), attached to Appellee's Second Supp. to Mot. to Dismiss Appeal.) The government alleged that Briggs entered into a contract with Mrs. Ernie Delphine Pennyfeather ["Pennyfeather"] whereby Briggs, doing business as Oak–Rich Corporation, would build a two-story dwelling on property located in St. Thomas. (*Id.*) Pennyfeather gave Briggs $80,000 per the contract to be used for phase one of the construction process. Briggs disposed of the $80,000 payment as follows: refunded $7,500 to Penneyfeather, performed construction work valued at $5,000, made a loan of $10,000 to another individual without the knowledge or authorization of Penneyfeather, and retained the remainder for her own use and benefit. (*Id.*)

Following a bench trial, the trial court found Briggs guilty of the embezzlement charge. The defense subsequently filed a motion for judgment of acquittal and motion in arrest of judgment pursuant to Federal Rules of Criminal Procedure 29 and 34, respectively.[1] The defense argued that the government failed to prove the required element of "entrustment" necessary to support a conviction under 14 V.I.C. § 1091.

After reviewing its findings of fact, the court held that Briggs "was never Mrs. Pennyfeather's agent, employee, attorney, trustee, banker, broker, merchant, nor did she occupy a fiduciary relationship with Mrs. Pennyfeather." (Mem. Op. at 5, *Government v. Briggs*, Crim. No. F299/1998 (Terr. Ct. St. Thomas & St. John Div. Feb. 3, 2000), attached as Ex. to Appellee's Supp. Mot. to Dismiss the Gov't's Appeal.) Instead, the court found that Briggs was a fiduciary of the Oak–Rich Corporation but

---

1. The federal rules of procedure apply to proceedings in the Territorial Court to the extent they are not inconsistent with the Rules of the Territorial Court. TERR. CT. R. 7.

the government did not charge her for breaching this relationship. (*Id.* at 6.) The trial court granted the motion for judgment of acquittal because the government failed to prove that there was an "entrustment between [Briggs] and Mrs. Pennyfeather," a required element of the crime of embezzlement by a fiduciary as it was alleged in the information. (*Id.* at 10–11 and attached Judgment Order.) The trial court denied the government's motion for reconsideration of its decision by order dated March 23, 2000. (Attached as Ex. to Appellee's Supp. Mot. to Dismiss the Gov't's Appeal.)

## II. DISCUSSION

■ The government must have express statutory authorization before it can appeal an adverse ruling in a criminal case. *Government of the Virgin Islands v. Rodriguez*, 1994 WL 383992, at *1 (D.V.I. July 15, 1994). In its opposition to the appellee's motion to dismiss, the government cites 48 U.S.C. § 1493 as giving it the authority to appeal in this instance. (*See* Opp'n to Appellee's Mot. to Dismiss the Gov't's Appeal at 4–5.) Section 1493 states in relevant part:

The prosecution in a territory or Commonwealth is authorized—unless precluded by local law—to seek review or other suitable relief in the appropriate local or Federal appellate court, or, where applicable, in the Supreme Court of the United States from -

> (a) a decision, judgment, or order of a trial court dismissing an indictment or information as to any one or more counts, except that no review shall lie where the constitutional prohibition against double jeopardy would [bar][2] further prosecution

. . . . .

Briggs argues that the government's appeal violates the constitutional prohibition against double jeopardy,[3] a hurdle that must be overcome before the government can appeal pursuant to 48 U.S.C. § 1493.

■ Jeopardy attached in this instance when the judge began to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 570, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). After hearing the evidence, the trial court initially found Briggs guilty of the crime of embezzlement by a fiduciary. The judge, however, after consideration of Briggs' motion

**2.** Following the decision in *People of the Territory of Guam v. Okada*, 694 F.2d 565 (9th Cir.1982), which held that absent express federal statutory authorization, a territorial government could not appeal to a federal court an adverse ruling in a criminal case, Congress enacted section 1493, modeling it on the pre–1984 version of 18 U.S.C. § 3731. *See Government of the Virgin Islands v. Mills*, 935 F.2d 591, 595–96 (3d Cir.1991). The pre–1984 version of section 3731 stated as follows:
> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Accordingly, the Court has corrected what it views as a typographical error by inserting the word "bar" into the quotation of 48 U.S.C. § 1493. The correction follows the language and intent of 18 U.S.C. § 3731, prohibiting government appeals that are barred by the Double Jeopardy Clause of the Constitution.

**3.** The Fifth Amendment prohibition against double jeopardy is made applicable to the Virgin Islands by the Revised Organic Act of 1954. *See* REVISED ORGANIC ACT § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86–87 (preceding V.I. CODE ANN. tit. 1).

for judgment of acquittal, changed his ruling and found her not guilty. The trial judge's decision was clearly a determination on the merits. The judge addressed the sufficiency of the evidence to support the crime charged and found it fatally lacking. Accordingly, the constitutional protections against double jeopardy bar the government's appeal.

Contrary to the government's assertion, this is not a situation where the trial court's judgment of acquittal can be vacated and the original verdict of guilty be reinstated, a procedure which would not violate the double jeopardy protections of the Constitution. This could only be accomplished without violating the double jeopardy clause if the original verdict that would be reinstated was returned by a jury, acting as the factfinder. *See United States v. Wilson,* 420 U.S. 332, 352–53, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). In this instance, however, it is the decision of the factfinder that would have to be overturned, e.g., the trial judge's ruling of not guilty. Thus, double jeopardy protections bar the government's appeal, under 48 U.S.C. § 1493, because "[a]n acquittal on the merits by the sole decisionmaker in the proceeding is final and bars retrial on the same charge." *Arizona v. Rumsey,* 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984).[4]

Alternatively, the government's appeal must be dismissed because it also is "precluded by local law," another hurdle it must overcome before gaining authorization to appeal under section 1493. The Virgin Islands legislature has delineated specific instances in which the government is authorized to appeal in criminal cases. *See* 4 V.I.C. § 39 ("Appeals by the United States and the Government of the Virgin Islands."). The only provision of section 39 relevant to this appeal provides:

> The ... Government of the Virgin Islands may appeal an order dismissing an information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, *except where there is an acquittal on the merits.*

4 V.I.C. § 39(c) (emphasis added).[5] As already discussed above, the trial court's ruling on Briggs' motion for judgment of acquittal was a determination on the merits. Accordingly, the government cannot appeal pursuant to 48 U.S.C. § 1493.

## III. CONCLUSION

The authority for the government to appeal a judgment of the Territorial Court in a criminal case is 48 U.S.C. § 1493 read together with 4 V.I.C. § 39(c). The government's appeal is barred under both provisions, however, because further prosecution of Briggs in this matter would violate her constitutionally guaranteed protections against double jeopardy. Accordingly, we must dismiss the government's appeal. An appropriate order is attached.

---

**4.** The government argues on appeal that the trial judge misinterpreted the law. Even assuming that the judge did incorrectly apply the law, our conclusion remains the same. *See Rumsey,* 467 U.S. at 211, 104 S.Ct. 2305 ("Reliance on an error of law, however, does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits.").

**5.** The remaining paragraphs of section 39 address appeals taken before or during a trial.

*See* 4. V.I.C. § 39(a) (appeal of order entered before trial which directs return of seized evidence); § 39(b) (appeal of ruling made during trial that suppresses or otherwise prohibits prosecutor from using evidence because it was improperly obtained); and § 39(d) (appeal of any ruling made during trial that prosecution believes involves a substantial and recurring question of law that requires appellate resolution).

## ORDER

For the reasons set forth in the accompanying memorandum opinion of even date, it is hereby

ORDERED that this appeal is DISMISSED. The Clerk shall CLOSE the file.